11 F.3d 1030
 Tom SWINT; Tony Spradley; Drecilla James and Jerome Lewis,
Plaintiffs-Appellees,
v.
The CITY OF WADLEY, ALABAMA; Freddie Morgan and Gregory
Dendinger in their official and individual
capacities; Chambers County Commission,
Defendants-Appellants,
Chambers County Sheriff's Department, Defendant,
James C. Morgan, in his official and individual capacity,
Defendant-Appellant.
 No. 92-6574.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 18, 1994.
 
 Ernestine Sapp, Fred D. Gray, Tuskegee, AL, for City of Wadley, AL, et al.
 Kendrick E. Webb, Montgomery, AL, for JCM, et al.
 Carlos A. Williams, Mobile, AL, for plaintiffs-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 ON SUGGESTION FOR REHEARING EN BANC
 (Opinion 11/3/93, 11th Cir., 5 F.3d 1435).
 Before TJOFLAT, Chief Judge, CARNES, Circuit Judge, and BRIGHT*, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Upon consideration of Defendant-Appellant James C. Morgan's suggestion for rehearing en banc, the Court orders that its opinion be modified in the following three respects:
 
 
 2
 (1) The first sentence of the second paragraph of the opinion (which is the first sentence of the first full paragraph on 5 F.3d at 1439) is deleted, and in its place are inserted the following two sentences:
 
 
 3
 We affirm the district court's denial of the individual defendants' qualified immunity summary judgment motions insofar as the Fourth Amendment is concerned, and we also affirm the denial of summary judgment on qualified immunity grounds insofar as the equal protection claims against Officer Dendinger and Chief Morgan are concerned. We reverse the denial of summary judgment to Sheriff Morgan on the equal protection claims, and we reverse the denial of summary judgment on qualified immunity grounds to all three individual defendants on the due process claims.
 
 
 4
 (2) The second paragraph of section II.A.2.b. (under the heading "The Equal Protection Clause Claims") on 5 F.3d at 1447 (which is also the first full paragraph in the second column on 5 F.3d at 1447) is deleted, and inserted in its place are the following two paragraphs:
 
 
 5
 Defendants do not challenge the district court's holding that at the time of the raids the right to be protected from intentional racial discrimination in law enforcement was clearly established. Instead, they argue that summary judgment should have been granted because there was no genuine issue of material fact that they engaged in such discrimination. Based on our review of the record, we agree with the district court that a genuine issue of material fact does exist about whether Officer Dendinger and Chief Morgan engaged in intentional racial discrimination in authorizing or participating in the raids. Mattie Staples' testimony about Officer Dendinger's alleged statement to her suffices to create a genuine issue of material fact on that issue as to Officer Dendinger and his police chief, Freddie Morgan. The district court properly denied the summary judgment motions as to the equal protection claims insofar as those two defendants are concerned.
 
 
 6
 Sheriff Morgan, however, is a different matter. Neither he, nor any of his deputies, made any statement that he or his department intended to close the Club down because of the race of the owners and patrons. The fact that this club is the only one Sheriff Morgan authorized to be raided in his twenty-one years as sheriff does not prove that he was motivated by racial considerations. The first club raided had to be either black-owned or white-owned, and that it was one instead of the other proves nothing. Likewise, it is hardly surprising that there would be a higher incidence of DUI arrests for blacks than whites in the vicinity of a club that sells alcoholic beverages to a black clientele. Absent some evidence of racially disproportionate arrests compared to the actual incidence of violations by race, there is no basis for inferring racially selective law enforcement. Because there is no evidence that Sheriff Morgan's actions in authorizing the raids on the Club were motivated by intentional racial discrimination, there is no genuine issue of material fact insofar as the equal protection claims relate to him, and the district court erred in denying his summary judgment motion on those claims.
 
 
 7
 (3) The one paragraph of Section II.A.3 (under the heading "Summary") on 5 F.3d at 1448 is deleted, and in its place the following paragraph is inserted:
 
 
 8
 We hold that the individual defendants in this case have established the defense of qualified immunity as to plaintiffs' due process claims, but not as to the Fourth Amendment claims. We further hold that Officer Dendinger and Chief Morgan did not establish their entitlement to summary judgment on the equal protection claims, but Sheriff Morgan did. Accordingly, the individual defendants' summary judgment motions were properly denied except as to the due process claims, and except as the equal protection claims against Sheriff Morgan. Judgment should have been entered for all of the individual defendants on the monetary part of the due process claims, and judgment should have been entered for Sheriff Morgan on all aspects of the equal protection claims.
 
 
 9
 No judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-5), the suggestion for rehearing en banc is DENIED.
 
 
 
 *
 Honorable Myron H. Bright, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation