PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 95-8111
_____

D.C. Docket No. 1:91-CV-1107-MHS

J. JEROME HARRIS, Ph.D.,

                              Plaintiff-Counter-Defendant-
                              Appellee-Cross-Appellant,

                    versus

BOARD OF EDUCATION OF THE CITY OF ATLANTA; A School District
of the State of Georgia,

                              Defendant-Counter-Claimant,

JOSEPH G. MARTIN, JR., Individually and in his Official
Capacity as President of the Board of Education of the City of
Atlanta; MARY ANNE BELLINGER, REV., Individually and in her
Official Capacity as Vice-President of the Board of Education
of the City of Atlanta; JOHN F. ELGER, Individually and in his
Official Capacity as a Member of the Board of Education of the
City of Atlanta; CAROLYN D. YANCEY, Individually and in her
Official Capacity as a Member of the Board of Education of the
City of Atlanta; D.F. GLOVER, Dr., Individually and in his
Official Capacity as a member of the Board of Education of the
City of Atlanta; ROBERT WAYMER, Individually and in his
Official Capacity as a Member of the Board of Education of the
City of Atlanta; MIDGE SWEET, Individually and in her Official
Capacity as a member of the Board of Education of the City of
Atlanta; INA EVANS, Individually and in her Official Capacity
as a Member of the Board of Education of the City of Atlanta;
PRESTON W. WILLIAMS, Dr., Individually and in his Official
Capacity as a Member of the Board of Education of the City of
Atlanta,

                              Defendants-Counter-Claimants-
                              Appellants-Cross-Appellees.
_____

Appeals from the United States District Court
for the Northern District of Georgia
_____
**(January 23, 1997)**

Before HATCHETT, Chief Judge, HENDERSON, Senior Circuit Judge, and MILLS*, District Judge.


PER CURIAM:

J. Jerome Harris filed this civil rights action against the Board of Education of the City of Atlanta ("Board") and the individual members thereof claiming that he was improperly relieved of his duties as Superintendent of the Atlanta Public Schools prior to the expiration of his employment contract with that governmental body. The parties eventually filed cross-motions for summary judgment. The United States District Court for the Northern District of Georgia denied Harris's motion and granted the defendants' motion in part and denied it in part. The Board members in their individual capacities filed this appeal from the district court's rejection of their qualified immunity defense in part, and the parties requested the court to exercise its pendent appellate jurisdiction over other issues decided by the district court. For the reasons that follow, we reverse the district court's denial of the individual Board members' motion for summary judgment on qualified immunity grounds and dismiss the remaining appeal without reaching the merits.

## Facts.

In 1987, the Board entered into a contract with Harris to serve as Superintendent of the Atlanta Public Schools for a four-

_____

*Honorable Richard Mills, U.S. District Judge for the Central District of Illinois, sitting by designation.

2

year period running from August 1, 1988 to July 31, 1992.  After Harris assumed his duties as Superintendent, his relations with the Board apparently deteriorated.  Following several weeks of private discussions among its members, the Board adopted a resolution on July 9, 1990, relieving Harris of his duties as Superintendent, concluding that his further service was not in the best interests of the school system.  The Board voted, however, to continue paying Harris's salary and other benefits as provided by his employment agreement with the Board.  Harris did not request a hearing before the Board or seek any administrative or judicial relief which might have been available to him under Georgia law.

In April 1991, Harris filed the present action against the Board and its members in both their official and individual capacities.  In a five-count complaint, the plaintiff alleged the deprivation of property rights without due process (Count I); the deprivation of his liberty interest in reputation without due process (Count II); a violation of his First Amendment rights (Count III); a state cause of action for breach of contract and violation of the Georgia Fair Dismissal Act (Count IV); and an entitlement to punitive damages (Count V).  The defendants answered the complaint, denying its essential allegations and asserting a number of defenses.  Specifically, the Board members in their individual capacities maintained that they were entitled to qualified immunity on all of Harris's claims against them.

Harris filed a motion for partial summary judgment and the defendants filed a motion for summary judgment on all counts of the

complaint. On September 16, 1994, the district court entered an order denying Harris's motion and granting in part and denying in part the defendants' motion. The court held that the defendants were entitled to summary judgment on plaintiff's deprivation of property without due process, First Amendment and Georgia Fair Dismissal Act claims but not for deprivation of liberty interest or breach of contract. In addition, the court granted summary judgment in favor of the individual defendants for qualified immunity on all of Harris's constitutional claims.

Harris subsequently filed a motion seeking certification of that order for immediate review pursuant to 28 U.S.C. § 1292(b). The district court denied that motion but vacated some of the rulings previously made in its September 16, 1994 order. The court concluded that the defendants were not entitled to summary judgment for deprivation of property without due process and the state action based on the Georgia Fair Dismissal Act. In addition, the court reversed itself and held that the individual Board members were not entitled to qualified immunity for the deprivation of a property right. The Board members filed this appeal from the rejection of their qualified immunity defense for deprivation of property. The defendants also requested the court to exercise its pendent appellate jurisdiction over the district court's denial of their motion for summary judgment on other issues. In turn, Harris filed a cross-appeal seeking review of the district court's partial grant of summary judgment to the defendants.

4

## Jurisdictional Issues.

Because no final order has been entered in this case, the scope of this appeal is very narrow. The district court's rejection in part of the individual Board members' qualified immunity defense is a final decision under the collateral order doctrine over which this Court has jurisdiction pursuant to 28 U.S.C. § 1291. Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); Heggs v. Grant, 73 F.3d 317 (11th Cir. 1996). As stated earlier, the defendants also seek to have this court exercise its pendent appellate jurisdiction over the district court's denial of their motion for summary judgment on other grounds in the case. See, e.g., Kelly v. Curtis, 21 F.3d 1544, 1550 (11th Cir. 1994).

The Supreme Court recently explicitly held, however, that pendent appellate jurisdiction is limited to questions that are "inextricably interwoven" with an issue properly before the appellate court. See Swint v. Chambers County Commission, --- U.S. ---, 115 S.Ct. 1203, 1212, 131 L.Ed.2d 60, 75 (1995). In that case, two owners, an employee and a patron of a nightclub raided by police sued the sheriff and several other law enforcement officials, the City of Wadley, Alabama ("City") and the Chambers County, Alabama, Commission ("County") for civil rights violations. The defendants filed motions for summary judgment, with the individual defendants asserting that they were entitled to qualified immunity on the plaintiffs' causes of action. The district court granted the motions in part and denied them in part.

The individual defendants appealed the denial of their qualified immunity defense in part, and the City and the County asked the court to exercise pendent appellate jurisdiction over their appeals from the denial in part of their motions for summary judgment on the merits. A panel of this court affirmed the district court's rejection of the individual defendants' qualified immunity defense in part and reversed the court in part. Because of a gap in the evidentiary record, the court declined to exercise pendent jurisdiction over the City's appeal. With respect to the County's appeal, however, the court concluded that it had pendent appellate jurisdiction over that appeal and reversed the district court's denial of the County's motion for summary judgment. See Swint v. City of Wadley, Alabama, 5 F.3d 1435 (11th Cir. 1993), modified, 11 F.3d 1030 (1994). The plaintiffs petitioned the Supreme Court of the United States for review, which reversed this court's judgment on the County's appeal. According to the Court, the County's appeal did "not fit within the 'collateral order' doctrine, nor is there 'pendent party' appellate authority to take up the [County's] case." Swint, 514 U.S. at ---, 115 S.Ct. at 1206, 131 L.Ed.2d at 67. On remand, this court summarily concluded that "[t]here is no pendent party appellate jurisdiction." Swint v. City of Wadley, Alabama, 51 F.3d 988, 1002 (11th Cir. 1995).

In more recent decisions, the court has also concluded that "we have no pendent party appellate jurisdiction." See Pickens v. Hollowell, 59 F.3d 1203, 1208 (11th Cir. 1995); see also Haney v.

6

City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995), cert. denied, --- U.S. ---, 116 S.Ct. 1826, 134 L.Ed.2d 931 (1996). For that reason, we lack jurisdiction to review the Board's appeal on any issue. Following the Supreme Court's decision in Swint, another panel of this court dismissed Harris's cross-appeal for lack of jurisdiction in an order entered January 16, 1996.

We have concluded that we may resolve the qualified immunity issue without reaching the merits of the remaining questions raised by the individual defendants. Those issues are not, therefore, sufficiently interwoven with qualified immunity to fall within the court's pendent appellate jurisdiction. Consequently, the only controversy before us is whether the district court properly disallowed qualified immunity to the defendants for deprivation of property without due process. The merits of Harris's federal claims for deprivation of property and of liberty interest in reputation without due process and his state law causes of action for breach of contract and for violation of the Georgia Fair Dismissal Act remain pending in the district court.

### Standard of Review.

We review a district court's grant or denial of a motion for summary judgment de novo. Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1404 (11th Cir. 1994), cert. denied, --- U.S. ---, 115 S.Ct. 906, 130 L.Ed.2d 788 (1995). A public official's entitlement to qualified immunity presents a purely legal question, subject to de novo review. Elder v. Holloway, 510 U.S. 510, 516, 114 S.Ct. 1019, 1023, 127 L.Ed.2d 344 (1994); Heggs v. Grant, 73 F.3d at 320.

7

## Qualified Immunity.

In all but the most exceptional cases, qualified immunity protects government officials performing discretionary functions from the burdens of civil trials and from liability for damages. Lassiter v. Alabama A & M University, 28 F.3d 1146, 1149 (11th Cir. 1994)(en banc). Public officials are entitled to qualified immunity from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Therefore, in order to succeed, the plaintiff in a civil rights action has the burden of proving that a reasonable public official could not have believed that his or her actions were lawful in light of clearly established law. Johnson v. Clifton, 74 F.3d 1087, 1091 (11th Cir. 1996).

In its initial ruling, the district court held that the defendants were entitled to qualified immunity on the deprivation of property cause of action and granted summary judgment thereon. Relying on this court's then recent decision in McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994)(en banc), the court held that Harris had not suffered a procedural due process violation because the State of Georgia provides adequate remedial measures for addressing any deficiency in the procedure by which Harris was terminated from his employment. Moreover, because Harris had not charged the violation of a constitutional right, the Board members individually were entitled to qualified immunity.

8

On reconsideration, the district court distinguished McKinney because the plaintiff in that case had received a pretermination hearing. The court found that there was a genuine issue of fact as to whether Harris received full compensation under the terms of his contract. In the court's view, if he was not fully compensated, Harris's complaint would state a claim for deprivation of property without due process. The court did not reach or discuss the adequacy of Georgia's post-deprivation remedies. The court also concluded that the Board members were not entitled to qualified immunity in this instance because the law was clear that a public employee with a property interest in his employment could not be deprived of that property without notice and a hearing prior to termination.

In McKinney, this court held that a governmental deprivation of a public employee's state-created property interests does not state a claim for violation of substantive due process rights. 20 F.3d at 1556-60. Rather, such a loss at most states a claim for violation of procedural due process protections. Id. at 1560. Even when a state procedure is inadequate, however, "no procedural due process right has been violated unless and until the state fails to remedy that inadequacy." Id. Therefore, a plaintiff does not state a claim cognizable under 42 U.S.C. § 1983 unless and until the state refuses to make available a means to remedy the alleged procedural deprivation. Id. at 1563.

The individual defendants in this case contend that because Harris has not pursued the post-termination remedies available to

him under Georgia law, he has not alleged the violation of any constitutional right, and they are entitled to judgment as a matter of law. On the other hand, Harris argues that the defendants structured his termination in such a way as to deprive him of any state remedy and that he clearly has no adequate remedy under Georgia law. While the district court must eventually address this question to determine whether Harris had been deprived of property without due process, we need not decide it in order to reach the issue of whether the individual defendants are entitled to qualified immunity. We turn our attention to that issue.

The district court's statement of the qualified immunity issue in this case was too abstract. As this court has observed, "[g]eneral propositions have little to do with the concept of qualified immunity." Muhammad v. Wainwright, 839 F.2d 1422, 1424 (11th Cir. 1987). The law which must be clearly established is that governing the specific factual situation confronting the government official in the particular case. See Lassiter, 28 F.3d at 1150. Also, the conduct of a government official is judged against the law and facts at the time the defendant acted, not by hindsight based on later events. Id. Therefore, the question for the qualified immunity analysis in this case is whether a reasonable Board member on July 9, 1990 would have known that relieving Harris of his duties as Superintendent while continuing to pay him his salary and benefits violated clearly established law.

In fact, it appears that the law was clearly established that

10

the Board acted properly.  The courts which had considered the question at that time were in agreement that a public official has a constitutionally protected property interest only in the economic benefits of his position and does not have any right to actually hold the position and execute the duties of the office.  See Royster v. Board of Trustees of Anderson County School District, 774 F.2d 618 (4th Cir. 1985)(superintendent had no constitutionally protected right to non-economic benefits of position); Rodgers v. Georgia Tech Athletic Association, 166 Ga.App. 156, 303 S.E.2d 467, 470 (1983)(employee has no property right to actually hold and execute duties of office for which he is employed).  This court has noted in a similar case that "any rights concerning [the employee's] teaching and coaching belonged to the Board, who presumably was free to waive such rights."  Hardiman v. Jefferson County Board of Education, 709 F.2d 635, 638 n.2 (11th Cir. 1983). The Fifth Circuit Court of Appeals reached the same conclusion in a case decided shortly after the events under consideration here. See Kinsey v. Salado Independent School District, 950 F.2d 988 (5th Cir. 1992).

Because the members of the Board could not have reasonably believed that their actions in relieving Harris of his responsibilities while continuing to pay him the economic benefits of the position were illegal, the Board members as individuals are entitled to qualified immunity on his charge of a deprivation of a property right.  Accordingly, the district court's order denying the Board members' motion for summary judgment on the basis of

11

qualified immunity is REVERSED.  All other issues before us are hereby DISMISSED for lack of appellate jurisdiction.

REVERSED in part and DISMISSED in part.