United States Court of Appeals,

Eleventh Circuit.

No. 94-9364

Non-Argument Calendar.

Buelah Magdalene PICKENS, Plaintiff-Appellee,

v.

Deputy Timothy HOLLOWELL, individually and as a Deputy Sheriff in the County of Rockdale; Deputy Douglas Wilson, individually and as a Deputy Sheriff in the County of Rockdale, Defendants-Appellants,

Rockdale County Sheriff Department; Rockdale County, Defendants.

July 31, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:93-00830-CV-ODE), Orinda D. Evans, Judge.

Before BIRCH, BLACK and CARNES, Circuit Judges.

CARNES, Circuit Judge:

This appeal arises from Buelah Pickens' 42 U.S.C. § 1983 complaint alleging that she was arrested in violation of her constitutional rights. Timothy Hollowell and Douglas Wilson, deputies in the Rockdale County Sheriff's Department, appeal the district court's denial of their motion for summary judgment on the basis of qualified immunity. We reverse that denial.

## I. BACKGROUND

The relevant facts as found by the district court are not in dispute. On September 13, 1992, Buelah Pickens arrived at the Rockdale County Jail to visit her son, an inmate in the jail. Pursuant to the Rockdale County Sheriff's Department's normal practice of conducting a criminal record check on all visitors, Deputy Wilson checked the computer and discovered that there were

four warrants for Pickens' arrest on bad check charges. Wilson called the Sheriff's Department's Warrant Division, and was informed that the warrants were still outstanding.

After verifying the identity of Pickens by questioning her and examining her driver's license, Wilson called his superior, Deputy Hollowell, and apprised him of the situation. Hollowell then obtained the actual warrants from the Warrant Division and met Wilson and Pickens in the booking area of the jail. Pickens testified in her deposition about the statements she made to Wilson and Hollowell upon learning that she would be arrested:

Q. And you say he took the purse from you?

A. Snatched the purse from me and said, you're under arrest. And I said, this has to be on charges on checks that were stolen out of my car. And he said, I wouldn't know. And I said, what's the date on it? And he said, '87. And I said, I filed forgery charges on this. You need to check into your—he said, my computer says 12 charges on you, and you're under arrest.

And I said, well, check in your computer a little bit closer because I filed for forgery on this. They were stolen from me. I didn't write these checks, and I said, I thought the statute of limitations was two years on a misdemeanor.

Pickens also gave Hollowell the name of one of the investigators that she claimed had knowledge of her forgery complaint. Hollowell contacted the investigator, who acknowledged that Pickens had reported forgery of her checks but was unable to remember any other details.

Despite her protests, Hollowell placed Pickens under arrest. She was held in the jail for several hours before being released on a cash bond. The Rockdale County District Attorney subsequently dismissed the charges because she had a valid statute of limitations defense. The misdemeanor offenses upon which the

arrest warrants were based had a two-year statute of limitations, and Pickens' arrest had occurred five years after the arrest warrants were issued.

Pickens filed suit under § 1983 against Wilson, Hollowell, the Rockdale County Sheriff's Department, and Rockdale County. The district court denied the defendants' motion for summary judgment. The Sheriff's Department subsequently was dismissed from the case pursuant to a stipulation approved by the district court. Wilson and Hollowell appealed. We have jurisdiction over their interlocutory appeal from the district court's denial of summary judgment on qualified immunity grounds. *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985).

## II. DISCUSSION

### A.

In its denial of summary judgment on the qualified immunity issue, the district court stated that the only issue in the case was whether the officers had violated the Fourth Amendment by arresting Pickens.[1] Finding that "the right to be free from unlawful arrest is a clearly established constitutional right" and that a factual dispute existed about whether Wilson and Hollowell knew that the statute of limitations for the charged offenses had expired, the district court concluded that the "officers' knowledge regarding the statute of limitations issue will have to be

---

[1]As the district court observed, Pickens' complaint is somewhat unclear as to what constitutional provisions she alleges were violated by her arrest and detention. The district court analyzed the complaint as a Fourth Amendment claim, and Pickens treats it as such in her brief to this Court. Accordingly, we also use a Fourth Amendment analysis in reviewing the district court's order.

submitted to the fact finder at trial before the court is able to resolve the officers' entitlement to qualified immunity."

We review *de novo* the denial of summary judgment on qualified immunity grounds. *L.S.T., Inc. v. Crow,* 49 F.3d 679, 683 (11th Cir.1995). This Court uses a two-part analysis to evaluate a qualified immunity defense:

> First, the defendant government official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. If the defendant meets this burden, the plaintiff must then demonstrate that the defendant violated clearly established law based upon objective standards.

*Hartsfield v. Lemacks,* 50 F.3d 950, 953 (11th Cir.1995). There is no question that Wilson and Hollowell were acting within their discretionary authority when they arrested Pickens. Therefore, the issue in this appeal is whether Pickens has met her burden under the second prong of the analysis by demonstrating that the officers' actions violated clearly established law.

In order for the law to be clearly established for purposes of qualified immunity, "the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that "what he is doing' violates federal law." *Lassiter v. Alabama A & M Univ. Bd. of Trustees,* 28 F.3d 1146, 1149 (11th Cir.1994) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)). "When considering whether the law applicable to certain facts is clearly established, the facts of cases relied upon as precedent are important. The facts need not be the same as the facts of the immediate case. But they do need to be materially similar." *Adams v. St. Lucie County Sheriff's*

*Dep't,* 962 F.2d 1563, 1575 (11th Cir.1992) (Edmondson, J., dissenting), *approved en banc,* 998 F.2d 923 (11th Cir.1993). Mere recitations of general rules or abstract rights do not demonstrate that the law was clearly established at the time of the relevant conduct. *Lassiter,* 28 F.3d at 1150; *see also Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1557 (11th Cir.1993) ("If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant."), *modified on other grounds,* 14 F.3d 583 (11th Cir.1994).

The Fourth Amendment is violated by an arrest without probable cause. *E.g., Lowe v. Aldridge,* 958 F.2d 1565, 1570 (11th Cir.1992). Probable cause exists if "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Von Stein v. Brescher,* 904 F.2d 572, 578 (11th Cir.1990). However, the appropriate inquiry for qualified immunity is not whether there was probable cause, but whether there was "arguable" probable cause to arrest. *E.g., Swint v. City of Wadley, Ala.,* 51 F.3d 988, 996 (11th Cir.1995); *Post,* 7 F.3d at 1558. In other words, we "must determine whether reasonable officers in the same circumstances and possessing the same knowledge as the Defendants *could* have believed that probable cause existed to arrest...." *Von Stein,* 904 F.2d at 579 (emphasis added); *see also Moore v. Gwinnett County,* 967 F.2d 1495, 1497-98 (11th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993).

The district court did not question, and Pickens does not dispute, that the warrants which the deputies executed by arresting her were supported by probable cause at the time they were issued. In other words, the warrants were valid on their face insofar as the affidavits attached to the warrants provided probable cause to believe that Pickens had committed the offenses charged. Thus, this is not the typical false arrest/Fourth Amendment case where the merits issue is probable cause and the qualified immunity issue is arguable probable cause.

Instead, the issue in this case arises because the deputies had at least some reason to believe—and for present purposes we assume that they knew—that the statute of limitations period had expired at the time they served the warrants by arresting Pickens. The merits question then is whether it violates the Fourth Amendment for law enforcement officers to arrest based upon a warrant supported by probable cause if they know that the statute of limitations period has run. But this case is not here for a review on the merits; it is here for a review of the district court's qualified immunity ruling. The qualified immunity issue is whether, when this case arose in 1992, the law was clearly established that the Fourth Amendment forbade an arrest based upon an otherwise valid warrant if the arresting officers knew the statute of limitations period had run.

Pickens relies upon *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), and *Garmon v. Lumpkin County, Ga.,* 878 F.2d 1406 (11th Cir.1989), but those cases are not helpful. Both dealt with qualified immunity where an "officer caused the

plaintiffs to be unconstitutionally arrested by presenting a judge with a complaint and a supporting affidavit which failed to establish probable cause." *Malley,* 475 U.S. at 337, 106 S.Ct. at 1094; *see Garmon,* 878 F.2d at 1410 (rejecting claim of qualified immunity for officer who had no "objectively reasonable basis for believing that his investigator's affidavit established probable cause to arrest"); *see also Kelly v. Curtis,* 21 F.3d 1544, 1553-55 (11th Cir.1994) (discussing these and related cases). *Malley* and *Garmon* clearly establish that a police officer is not protected by qualified immunity if he applies for an arrest warrant where "a reasonably well-trained officer ... would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Garmon,* 878 F.2d at 1410 (quoting *Malley,* 475 U.S. at 345, 106 S.Ct. at 1098). But that is not this case. As we have already discussed, everyone agrees that the warrants in this case were issued upon probable cause to believe that Pickens had committed the charged offenses. Moreover, these two deputies did not cause the warrants to be issued, all they did was execute them by arresting Pickens. *See, e.g., Fullman v. Graddick,* 739 F.2d 553, 561 (11th Cir.1984) (executing officer entitled to immunity where warrants valid on face and supported by probable cause).

Although *Malley* and *Garmon* are not very helpful in resolving the issue at hand, two other decisions are. The first one is *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), where the plaintiff was arrested and held in jail for three days before the sheriff discovered that the wrong man had been

imprisoned. *Id.* at 141, 99 S.Ct. at 2693. The Supreme Court rejected the plaintiff's argument that the sheriff's failure to investigate his protests of misidentification constituted a violation of due process, and explained:

> Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent.... The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

*Id.* at 145-46, 99 S.Ct. at 2695. Although the plaintiff in *Baker* did not challenge the validity of his arrest or bring a claim under the Fourth Amendment, the Supreme Court's decision in that case does suggest that the two deputies in this case—who otherwise had probable cause to arrest Pickens pursuant to facially valid arrest warrants—did not have a duty to investigate and decide the potential viability of a defense, such as the statute of limitations, before arresting Pickens.

Our own decision in *Williams v. City of Albany,* 936 F.2d 1256 (11th Cir.1991), provides even stronger support for that conclusion. In *Williams,* a § 1983 action was brought against two police officers based, in part, on the allegation that they had presented their criminal investigation of the plaintiff to the district attorney "with the knowledge that the statute of limitations for the charge had expired." *Id.* at 1260. We rejected the plaintiff's argument that these facts were sufficient to withstand summary judgment:

> [The police officers] should not be held personally liable for presenting this evidence to the district attorney who has the authority to make the ultimate decision whether to seek an

indictment. *Whether the statute of limitations bars a prosecution is a question of law. The officers properly deferred legal decisions to the district attorney.*

*Id.* at 1260 (emphasis added); *see also Kelly,* 21 F.3d at 1552 (the Constitution "imposes no obligation upon law enforcement officers to second guess prosecutors....").

The present case involves the execution of an arrest warrant rather than the presentation of an investigation to the district attorney. However, we believe that *Williams* makes clear that police officers have no responsibility to determine the viability of a statute of limitations defense when executing a valid arrest warrant. The existence of a statute of limitations bar is a legal question that is appropriately evaluated by the district attorney or by a court after a prosecution is begun, not by police officers executing an arrest warrant. Our conclusion to that effect is reinforced by the knowledge that whether a valid statute of limitations defense exists is not a cut and dry matter. For example, the statute of limitations for a criminal proceeding in Georgia is tolled during the time the "accused is not usually and publicly a resident within" Georgia. Ga.Code Ann. § 17-3-2(1) (Michie 1990); *see Danuel v. State,* 262 Ga. 349, 418 S.E.2d 45 (1992). An arresting officer is not in a position to make that type of determination, nor is he required to know the law relating to statute of limitations issues. At the very least, *Baker* and *Williams* establish that the law was not clearly established when this arrest was made in 1992 that an officer had a duty to correctly decide any statute of limitations issues before executing an arrest warrant. That is sufficient to dispose of the issue

before us. The district court should not have rejected the qualified immunity defense on grounds relating to the statute of limitations having run at the time of the arrest.

In addition to her argument regarding the statute of limitations, Pickens contends that notwithstanding the otherwise valid warrants, the deputies lacked probable cause to arrest once she told them that she had reported that the checks had been stolen from her car and forged. That contention is foreclosed by *Baker v. McCollan,* 443 U.S. at 145-46, 99 S.Ct. at 2695, where the Court held, "we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence." Pickens' contention that her checks were stolen was a claim of innocence, and at the very least, the law was not clearly established in 1992 that the officers were required to investigate and determine whether she was guilty or innocent before they executed the arrest warrants.

The ultimate success of Pickens' statute of limitations defense changes nothing about the issues we have resolved. It does not mean that her arrest was not based upon arguable probable cause, or even probable cause. Nor does it mean that the arrest was unconstitutional under clearly established law at the time, or even now. *Cf. Baker,* 443 U.S. at 145, 99 S.Ct. at 2695 ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released."); *Von Stein,* 904 F.2d at 578 n. 9 (" 'Probable cause' defines a radically different standard than 'beyond a reasonable

doubt'....").

Deputies Wilson and Hollowell request that we review the district court's denial of Rockdale County's motion for summary judgment, but we are foreclosed from doing so by *Swint v. Chambers County Comm'n,* --- U.S. ----, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995), which held that we have no pendent party appellate jurisdiction. They also request that we review the district court's denial of their own motion for summary judgment in their official capacities. The existence of pendent issue jurisdiction is uncertain in the wake of *Swint,* --- U.S. at ---- - ----, 115 S.Ct. at 1211-12, but even assuming we have that kind of jurisdiction, we exercise our discretion not to employ it in this case.

## III. CONCLUSION

The district court's denial of Wilson and Hollowell's motion for summary judgment on qualified immunity grounds is REVERSED.