

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2007

# Sands v. McCormick

Precedential or Non-Precedential: Precedential

Docket No. 06-3281

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sands v. McCormick" (2007). *2007 Decisions.* Paper 334.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/334

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No.06-3281

———————

CYNTHIA SANDS,
                              Appellant

vs.

ROBERT McCORMICK, Sergeant, Berwick Police Department;
GARY E. NORTON, District Attorney of Columbia County, Pennsylvania

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 06-cv-00158 )
District Judge:   Honorable James F. McClure, Jr.

———————

Argued July 10, 2007
Before:   SLOVITER, WEIS and ROTH, Circuit Judges.
Filed: September 18, 2007

———————

DAVID B. DOWLING, ESQUIRE (ARGUED)
James J. Jarecki, Esquire
RHOADS & SINON, LLP
One South Market Square
P.O. Box 1146
Harrisburg,  PA  17108
Attorneys for Appellant Cynthia Sands

CHESTER C. CORSE, JR., ATTORNEY (ARGUED)
Ten Westwood Road
P.O. Box 1190
Pottsville, PA 17901
Attorney for Appellee Gary E. Norton


DAVID J. MacMAIN, ESQUIRE
TIMOTHY J. KEPNER, ESQUIRE
MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
123 South Board Street
Philadelphia, PA 191099
Attorneys for Appellee Robert McCormick


_____

OPINION

_____

WEIS, Circuit Judge.

In this appeal we conclude that a district attorney's use of the extradition process rather than accepting an out-of-state accused's offer to return for a preliminary hearing when scheduled did not establish a constitutional violation. We also decide that a police officer's affidavit of probable cause was not deficient because the statute of limitations had expired before a criminal complaint was filed. Moreover, we conclude that portions of a transcript of a preliminary hearing may be considered in connection with the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). We are in agreement with the District Court that judgment should be entered in favor of the police officer and district attorney in claims brought under 42 U.S.C. § 1983 and state tort law.

In December of 2003, a jury awarded substantial damages to Carolyn Sands following a trial that concerned a contractual dispute over the 1997 sale of a business to Sherry Wagner and others. One of the issues in that case was whether Sands had improperly withdrawn funds from a company bank account after the sale. In March of 2004, a new trial was granted. The trial court wrote that "Sands illegally withdrew at least $10,000 before the closing from the bank account of the corporation, and after the closing illegally appropriated the entire bank account for her own use."

Following the grant of a new trial, Wagner contacted defendant Sergeant Robert McCormick of the Berwick Police Department in Columbia County, Pennsylvania. She demanded that he file criminal charges against Sands for forgery and theft. On April 26, 2004, McCormick filed a criminal complaint against Sands before the state district magistrate[1] charging her with 14 counts of forgery and 16 counts of theft by deception. He included in the complaint an affidavit of probable cause that described specific information he received from Wagner, including some bank records that he had examined, and also directly quoted the trial court's opinion that granted the new trial.

On May 5, 2004, the magistrate issued a warrant for Sands' arrest listing an

---

[1] These members of the Pennsylvania minor judiciary were called "district justices" prior to January 31, 2005, but are now designated as "magisterial district judges." See Act 2004-07, Nov. 30, 2004, P.L. 1618 (effective Jan. 31, 2005). To avoid confusion here we will refer to these individuals as "magistrates." We will refer to the court that decided the contract dispute as the "trial court." We will designate the court which heard the case before us as "the District Court."

address of 5499 Freeport Lane, Naples, Florida. On June 29, 2004, the warrant was reissued with a notation "declared a fugitive." On July 9, 2004, Sands was arrested at her home in Florida and taken to the county jail where she was detained until released on bail on July 10, 2004.

Sands alleges that upon her release she telephoned defendant Gary E. Norton, District Attorney of Columbia County, and told him that once a hearing date was set she would voluntarily return to Pennsylvania when requested. It appears that on August 3, 2004, in a letter to the magistrate, Attorney Kim Hill advised that he represented Sands and asked that he be notified of the date of the preliminary hearing.

On October 18, 2004, District Attorney Norton signed a petition for a Governor's Warrant requesting Sands' extradition that listed an address at 1855 Ivory Cane Point, Naples, Florida. The application stated that Sands was a fugitive from Pennsylvania and that any delay in her prosecution occurred because the "[p]ersons whereabout [sic] was unknown."

On November 10, 2004, she was again arrested at her Florida home and remained in a county jail there until November 24 when she was transported to Pennsylvania in handcuffs and shackles. She was released on bail in Pennsylvania on her arrival there. Sands alleges that District Attorney Norton knew that she had retained attorneys in Pennsylvania and Florida before he applied for the Governor's Warrant and that defendants did not inform her of the date of her hearing before the second arrest.

A preliminary hearing was held before the magistrate on December 6, 2004.

4

After hearing testimony from Wagner, the magistrate ordered Sands to answer the charges in the Court of Common Pleas of Columbia County. Sands' counsel then asked the court to quash the information because the relevant statutes of limitations had expired. On March 14, 2005, the Court of Common Pleas granted the motion and dismissed the charges.

Sands then filed this civil rights action in the United States District Court for the Middle District of Pennsylvania claiming damages under 42 U.S.C. § 1983 for false arrest and false imprisonment against Sergeant McCormick and for false arrest against District Attorney Norton. She also asserted state law claims of malicious prosecution, abuse of civil process,[2] and intentional infliction of emotional distress against both defendants.

Sands based the claims against Sergeant McCormick primarily on the allegations that he filed the Complaint and Affidavit of Probable Cause knowing that the statute of limitations had expired on the charges and that they were based on insufficient facts. She also alleged that Sergeant McCormick requested the Governor's Warrant knowing that Sands was not a fugitive and refused to take steps to have it rescinded.

The District Court dismissed the § 1983 claims for false arrest and false imprisonment and the state law claim for malicious prosecution against Sergeant McCormick because he had probable cause to file the criminal complaint. The District

---

[2] Although labeled civil process, the District Court construed the claim as one of abuse of criminal process.

5

Court found that Sergeant McCormick properly relied on the information he received from Wagner, including the bank records and the comments in the order granting a new trial in the contractual dispute. The District Court observed that the running of the limitations period was not relevant to the existence of probable cause and did not become an issue until raised as a defense in Sands' motion to dismiss the charges in the Court of Common Pleas.

The District Court also dismissed the state law claims against Sergeant McCormick for malicious prosecution, abuse of process, and intentional infliction of emotional distress on the ground that he was entitled to immunity under the Pennsylvania Political Subdivision Tort Claims Act ("Pa. Tort Claims Act"), 42 Pa. Cons. Stat. § 8541 et seq., since he acted in his official capacity and in good faith.

Sands' assertions against the district attorney were similar to those against Sergeant McCormick, but were not identical. Sands based her claims against the district attorney primarily on allegations that in his administrative capacity he authorized Sands' arrest, then signed the criminal information knowing that the statute of limitations had expired and that the charges lacked probable cause. She also alleged that he requested and refused to rescind the Governor's Warrant knowing that Sands was not a fugitive.

The District Court rejected the § 1983 claim for false arrest against the district attorney because he was entitled to absolute prosecutorial immunity for his actions. The District Court declined to accept Sands' characterization of Norton's activities as administrative, concluding that they were intimately connected with the

6

judicial phase of the prosecution.

As to the state tort claims, the District Court held that because Norton acted in his official capacity as a prosecutor and acted in good faith based on probable cause, he was immune under the Pa. Tort Claims Act. Moreover, the Court held that the malicious prosecution claim lacked merit because the district attorney did not initiate the process, the abuse of process claim failed because Sands did not properly allege a perversion of process, and the intentional infliction of emotional distress claim was invalid because the district attorney's conduct was not extreme and outrageous. Therefore, the state law claims against the district attorney were dismissed.

On appeal, Sands raises three principal arguments:

1. Sergeant McCormick did not have probable cause to arrest Sands because he was aware that the statute of limitations had expired.

2. The district attorney's failure to timely schedule a hearing and his false statements in the application for the Governor's Warrant despite Sands' offer to return to Pennsylvania once he advised her of the date of the hearing were administrative actions not protected by absolute immunity.

3. The District Court improperly relied on documents outside the complaint and its exhibits in ruling on the Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.

A.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We review de

7

novo a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Vallies v. Sky Bank, 432 F.3d 493, 494 (3d Cir. 2006). "In evaluating the propriety of the dismissal, we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). Nonetheless, "a court need not credit a plaintiff's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citing In re: Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

### B.

We first address Sands' contention that the District Court erred in referring to the following two documents attached to the defendants' motions to dismiss: 1) the March 29, 2004 trial court order granting a new trial in the contract action and 2) the transcript of the preliminary hearing in December of 2004. She asserts that by doing so the District Court converted the defendants' motions into requests for summary judgment without giving her notice or an opportunity to respond.[3]

---

[3] Federal Rule of Civil Procedure 12(b) provides that if, on a 12(b)(6) motion to dismiss,

> "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable

Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record. Pension Benefit Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

In Southern Cross Overseas Agency v. Wah Kwong Shipping Group Ltd., 181 F.3d 410 (3d Cir. 1999), we noted that judicial proceedings constitute public records and that courts may take judicial notice of another court's opinions. Id. at 426; see also Burlington Coat Factory, 114 F.3d at 1426 (courts can consider documents "integral to or explicitly relied upon in the complaint" (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996))) (emphasis omitted). We explained that a court may take judicial notice of another court's opinion to use it as proof that evidence existed to put a party on notice of the facts underlying a claim. Southern Cross, 181 F.3d at 428.

We have no difficulty concluding that the District Court properly considered the challenged documents when it found that there was probable cause to file the charges because Sergeant McCormick knew of the trial court order. In reaching this conclusion, it was not necessary to determine the truth of the trial courts's comments that Sands' actions were illegal. It was enough that Sergeant McCormick took the opinion into account to some extent in finding probable cause.

Likewise, the transcript of the preliminary hearing in December 2004 was a

opportunity to present all material made pertinent to such a motion by Rule 56."

9

public document and had a bearing on the controversy. Wagner's detailed testimony of Sands' actions with respect to the bank account explained the facts underlying McCormick's affidavit of probable cause. The district judge cited the hearing to show that Sands was required to answer to the charges in the Court of Common Pleas. Moreover, Sands should not have been surprised by the inclusion of the preliminary hearing transcript. In his motion to dismiss in the District Court, Sergeant McCormick referred to the transcript and argued that the document should be considered according to Pension Benefit, 998 F.2d at 1196. Sands merely responded by briefly noting her objection to the additional evidence included by Sergeant McCormick and did not elaborate on her position. We do not find merit in Sands' claims that the District Court erred in considering the transcript of the hearing and the opinion in the contractual dispute.

C.

The principal claims against Sergeant McCormick are that there was no probable cause to apply for the arrest warrant and that he wrongfully participated in the issuance of the Governor's Warrant. Sands does not focus on the District Court's conclusion that Sergeant McCormick had sufficient evidence to believe that she committed the offenses. Instead, she argues that Sergeant McCormick did not have probable cause in the sense that he knew that the statute of limitations had expired.

Sands' argument is based on the faulty premise that the statute of limitations is a relevant consideration at the time a police officer files charges. The

10

statute of limitations is an affirmative defense that is to be ruled upon by a court of competent jurisdiction.

Sands would place far more responsibility on police officers than is required by their calling. To begin with, the application of the limitations period is not a clear cut matter in criminal prosecutions. In some circumstances tolling is applicable. 42 Pa. Cons. Stat. § 5554 provides that the statute of limitations may be extended in certain circumstances, including "when the accused is continuously absent from the Commonwealth . . .." 42 Pa. Const. Stat. § 5554(1). Moreover, late discovery of an offense may allow for longer limitations periods in crimes involving fraud. See 42 Pa. Cons. Stat. § 5552(c) (providing that even if the statute of limitations has expired, "a prosecution may nevertheless be commenced for: (1) Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party. . ..."). The mere passage of time since the commission of an offense does not warrant an automatic application of the statute of limitations in a criminal proceeding.

In Pickens v. Hollowell, 59 F.3d 1203 (11th Cir. 1995), the Court of Appeals for the Eleventh Circuit held,

> "police officers have no responsibility to determine the viability of a statute of limitations defense when executing a valid arrest warrant. The existence of a statute of limitations bar is a legal question that is appropriately evaluated by the district attorney or by a court after a prosecution is begun . . .. [W]hether a valid statute of limitations defense exists is not a cut and dry matter."

11

Id. at 1207-08. See also Williams v. City of Albany, 936 F.2d 1256, 1260 (11th Cir. 1991). Although Sands' claims are based on the presumed knowledge of Sergeant McCormick at the time he presented the affidavit of probable cause, we think the rationale of Pickens applies to justify his action.

Sands relies on Lee v. Miholich, 1987 WL 11905 (E.D. Pa. 1987), where the court denied summary judgment in favor of a police officer because there "was no evidence to suggest that a reasonably competent police officer would prosecute with the awareness that the charges were barred by the statute of limitations." Id. at *3. We do not agree with that opinion's characterization of a police officer's responsibility. A police officer has limited training in the law and requiring him to explore the ramifications of the statute of limitations affirmative defense is too heavy a burden.

We note that the dates of the offenses were disclosed in the affidavit of probable cause that was submitted to the magistrate, who may be expected to have more knowledge of the statute of limitations than a police officer. There is no indication that the magistrate had any hesitancy about issuing the arrest warrant.

The Court of Common Pleas' decision to quash the information on statute of limitations grounds does not adversely reflect on Sergeant McCormick's application for the arrest warrant. At that early point, the status of the limitations defense was undetermined and open for further consideration.

In short, we conclude that the District Court properly dismissed the claims

12

under § 1983 against Sergeant McCormick because he had probable cause for his actions. We agree that the District Court correctly dismissed the state claims against Sergeant McCormick for malicious prosecution, abuse of process, and intentional infliction of emotional distress because he was immune from suit under the Pa. Tort Claims Act. See 42 Pa. Cons. Stat. § 8550; see also Sanford v. Stiles, 456 F.3d 298, 315 (3d Cir. 2006).

We will therefore affirm the judgment in favor of Sergeant McCormick.

## D.

On appeal, Sands contends that the district attorney was not entitled to immunity because he failed to schedule a preliminary hearing and applied for a Governor's Warrant for the second arrest. She contends that his actions were administrative in nature and hence absolute immunity is not applicable.

We need not reach the question of whether the district attorney's actions fall within the scope of qualified immunity, however, because Sands has not alleged facts that amount to a constitutional violation. In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court decided that before ruling on immunity in § 1983 cases, courts should first determine whether a constitutional violation has been alleged. Id. at 201. We must decide preliminarily, therefore, whether the claims that the district attorney caused illegal arrests and violated Sands' due process rights are valid. This determination requires a reference to the post-arrest process and the district attorney's role.

In Pennsylvania, a preliminary hearing to address the validity of charges filed is not scheduled until the defendant appears for an arraignment before a magistrate

13

in the judicial district where the warrant was issued. Pa. R. Crim. P. 540(F). At that arraignment, the magistrate is required to inform the defendant of the charges, her right to counsel, her right to bail where appropriate, and her right to a preliminary hearing. Pa. R. Crim. P. 540(B)-(F).

At the arraignment, unless a represented defendant waives her right to a preliminary hearing, the magistrate shall "fix a day and hour for a preliminary hearing which shall not be less than 3 nor more than 10 days after the preliminary arraignment" and "give the defendant notice, orally and in writing." Pa. R. Crim. P. 540(F)(1)-(2). The time restrictions on the date of the preliminary hearing may be altered at the request of the parties. Pa. R. Crim. P. 540. (F)(1)(a)-(b). A magistrate in the district that issued the warrant, therefore, and not a district attorney, is responsible for scheduling and giving notice of the preliminary hearing.

District attorneys do not have any involvement in scheduling the preliminary arraignment. In a case where a defendant is arrested in the judicial district where the warrant was issued, she must be provided a preliminary arraignment by the magistrate without unnecessary delay. Pa. R. Crim. P. 516(A).[4]

When arrested in another district, she must be taken without unnecessary

_____

[4] See Commonwealth v. Dreuitt, 321 A.2d 614 (Pa. 1974) (time necessary to transport defendant from place of arrest is not part of calculation of unnecessary delay between arrest and arraignment, where defendant was advised of right to counsel and of charges against him at place of arrest) (O'Brien, J., announcing Opinion of the Court, joined by Eagen and Pomeroy, J.).

14

delay to a magistrate in the district of her arrest and granted an opportunity to post bail. Pa. R. Crim. P. 517(A). If the defendant posts bail, the magistrate must release her on the condition that she appear for the preliminary arraignment before a magistrate in the district that issued the warrant on a specific date within ten days. Pa. R. Crim. P. 517(B). If she does not appear at the set time, a magistrate in the district that issued the warrant must forfeit the bail. Pa. R. Crim. P. 517(E). If she is then arrested outside of that district, she is not entitled to post bail and must be taken directly before the magistrate in the district that issued the warrant for her preliminary arraignment. Id.

In Pennsylvania, the responsibility for arranging the times for the preliminary arraignment, as well as the preliminary hearing, and giving notice rests not on district attorneys, but on magistrates. It is the minor judiciary that controls those proceedings.

In this case, Sands was initially arrested outside of Pennsylvania and her arrest and return to Pennsylvania was governed by extradition statutes in Florida and Pennsylvania. The extradition procedures are virtually identical because both states adopted the Uniform Criminal Extradition Act. See 42 Pa. Cons. Stat. § 9121 et seq.; Fla. Stat. § 941.01 et seq. The statutes establish a procedure through which a district attorney can file an application with the governor of his state, who then requests the governor of the other state to extradite a defendant who has fled to the other state. See 42 Pa. Cons. Stat. §§ 9143-9144; Fla. Stat. §§ 941.22-941.23.

The statutes also provide a separate process by which a defendant who has

15

fled to another state can be arrested there before an actual request for extradition. See 42 Pa. Const. Stat. § 9134; Fla. Stat. § 941.13. Using this process, a judge in Florida can issue a warrant for the arrest of a person there based on credible information that the individual has been charged in Pennsylvania with the commission of a crime and "fled" from justice. Fla. Stat. § 941.13.

After the arrest, the defendant must be brought before a Florida judge, Fla. Stat. § 941.15, who may grant bail or jail the individual for such a time "as will enable the arrest of the accused to be made under a warrant of the Governor on a requisition of the executive authority of the state having jurisdiction of the offense." Fla. Stat. § 941.15. The person may be released on bail "conditioned for the prisoner's appearance before . . . [the judge] at a time specified in such bond, and for the prisoner's surrender, to be arrested upon the warrant of the Governor of this state." Fla. Stat. § 941.16.

Sands was initially arrested in Florida and released on bail. The district attorney could force her to return to Pennsylvania only through extradition. To avoid that process, Sands had to return on her own to Pennsylvania. When she did not return, she was extradited.

Sands has not pointed to any law that required Norton to provide her with an alternative to extradition. Nor was the district attorney bound to accept Sands' offer to return voluntarily. Significantly, she does not allege that the district attorney agreed to notify her of the hearing. Her complaint states that "Sands told Norton that, once a hearing date was set, she would voluntarily and freely return to Pennsylvania when

16

requested."

Sands' offer to return to Pennsylvania when the hearing was scheduled did not somehow put on the district attorney the burden of notifying her of the date. Sands' offer was made to the wrong party. Her attorney asserted at the preliminary hearing that he had communicated with the magistrate, but for some reason the case apparently "fell between the cracks" and a hearing that might have taken place in May did not occur until December. Even if the district attorney could have arranged with defense counsel for a less intrusive method of returning Sands to Pennsylvania, there is nothing in the record to show that he knew who represented her. Although she had criminal representation before the Governor's Warrant was issued, there is no evidence that either the magistrate or defense counsel notified the district attorney of the identity of Sands' lawyer.

It seems likely that Attorney Kim Hill accurately summed up the reason for the problem here. After stating that he had sent a letter to the magistrate in August, Mr. Hill said, "[U]nfortunately, there was some miscommunication and Ms. Sands . . . she was never informed of a hearing, but she was still picked up on a warrant and I'm still not sure how that happened."

Sands has not stated a constitutional claim against the district attorney for failure to notify her of a preliminary hearing, a duty that Pennsylvania law assigned to the magistrate.

Sands also contends that the district attorney included false information in the application for the Governor's Warrant for extradition. Specifically, she points to the

17

statements that she was a fugitive and her whereabouts were unknown.

Under Pennsylvania law, the application for a Governor's Warrant may be made only by a district attorney.[5] The application that the district attorney filed is a form document that includes information required by statute. 42 Pa. Con. Stat. § 9144(a). The form recites that Sands "is now in 1855 Ivory Cane Point Naples, State of Florida, which belief is founded on information from Berwick Police Dept & Sherry Wagner." This is a different address from that in the original warrant.

The document also states that Sands was in the County of Columbia "at the time of the commission of said offense and fled the jurisdiction of the Commonwealth before arrest could be made . . . and is a fugitive from the justice of this Commonwealth." In addition, the form states that any delay that occurred in prosecution or in the application for extradition "was unavoidable for the following reason(s): Persons whereabout [sic] were unknown."

Sands complains that the last statement was false because the district attorney knew where she lived. A careful reading of the application, however, reveals that the statement explained the delay in prosecution, rather than the plaintiff's current address. It is obvious from the new address that Sands had changed her residence between the time of the original warrant and the date when the Governor's Warrant was

---

[5] 42 Pa. Con. Stat. § 9144(a) (providing that "the prosecuting attorney shall present to the Governor his written application for a requisition for the return of the person charged").

18

issued.

Sands also contends that the district attorney falsely described her as a "fugitive." Although it is understandable that she may be perturbed by being so characterized, the terminology in the warrant is legally correct. In Commonwealth ex rel. Smalley v. Aytch, 371 A.2d 1018 (Pa. Super. 1977), the Superior Court of Pennsylvania said in reviewing an extradition case,

> "If, having been within a state, [a defendant] is accused of having committed while there that which by its laws constitutes a crime, and, when he is sought to be subjected to criminal proceeding therefor, he has left its jurisdiction and is found within another state he is a fugitive from justice. It is not important whether the accused leaves the state to avoid prosecution or not. His motive does not affect his relation to the law."

Id. at 1021 (quoting Commonwealth v. Hare, 36 Pa. Super. 125, 130-31 (1908)).

Insofar as the record shows, Sands was in Florida and could only be forced to return to Pennsylvania through the extradition process. It follows that the references to the term "fugitive" in this case are not actionable.

The miscommunication here had unfortunate results. Criminal procedures are often harsh and mistakes can be made, but that does not make the process unconstitutional per se. Sands has failed to state a constitutional claim against District Attorney Norton under § 1983.

Sands complains that the district attorney should not have pursued the prosecution because as a lawyer he knew that the statute of limitations had expired. As

19

we explained earlier, the charges were based on probable cause.  As with this claim and the other state tort allegations, the district attorney's actions were within the protection of the Pa. Tort Claims Act.  The District Court properly ruled in favor of the district attorney on both the federal and state counts.

The judgments of the District Court will be affirmed.