OPINION OF THE COURT
FUENTES, Circuit Judge:
Plaintiff Dawn Marie Ball brings this civil rights action, pursuant to 42 U.S.C. § 1983, against the State Correctional Institution in Muncy, Pennsylvania and a group of individual defendants. The District Court granted the Defendants’ motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds of failure to exhaust administrative remedies. We agree with the District Court’s decision and accordingly affirm the dismissal of Ball’s claims.
I.
Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. Ball is an inmate at SCI Muncy. She filed a Complaint, on March *213 6, 2008, alleging violations of her civil rights by state prison officials. She named two groups of Defendants, two “Medical Defendants” (Dr. Famiglio and P.A. Him-melsbach) and a group of twenty-one “Non-Medical Defendants.” Ball alleges — in seven hand-written pages — a range of misconduct, including, inter alia, sexual assault, denial of medical treatment, and other physical mistreatment, on the part of prison officials. Ball requests relief including transfer to a New Jersey state prison, ten million dollars in compensatory damages, the return of unspecified property, a videotape of the events alleged, and unspecified policy changes.
Ball’s Complaint was filed using a standard form provided to her by prison officials. The form’s first page contains a section entitled “Exhaustion of Administrative Remedies.” It includes three questions, to which the prisoner must check “yes” or “no.” The questions are: (1) “Is there a grievance procedure available at your institution?;” (2) “Have you filed a grievance concerning the facts relating to this complaint?;” and (3) “Is the grievance process completed?” (App.16.) Ball checked “yes” for the first two questions and “no” for the third question.
The Medical Defendants moved, on May 13, 2008, to dismiss Ball’s Complaint for failure to state a claim and failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act. The Non-Medical Defendants filed their own motion to dismiss on June 2, 2008. The District Court entered a Memorandum and Order on December 10, 2008, 2008 WL 5189132, dismissing Ball’s Complaint on the basis of her failure to exhaust the grievance process. The District Court found that “[i]t is clear that Plaintiffs claims are not properly before this Court and must be dismissed.” Thereafter, Ball filed this appeal.
II.
The District Court had subject matter jurisdiction over Ball’s Section 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that “[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.” In Ray v. Kertes, 285 F.3d 287 (3d Cir.2002), we held that, in a Prison Litigation Reform Act suit, the “failure to exhaust is an affirmative defense to be pleaded by the defendant.” Id. at 295. We have also held that “[i]n appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss.” Brown v. Croak, 312 F.3d 109, 111 (3d Cir.2002).
III.
Ball conceded, on the face of her Complaint, that she had not completed the grievance process at the prison and, therefore, had not exhausted her claim. However, she contends that other portions of the Complaint contradict this concession, or at least create ambiguity. Ball also claims that the District Court erred by failing to consider her assertions that prison officials obstructed her attempts to exhaust the grievance process.
There are two key problems with Ball’s arguments. First, the material she cites in her Complaint, which she claims contradicts the check mark stating that she completed the grievance process, does not present a conflict or even any ambiguity. The Complaint states that Ball is “terrified after all the retaliation I been through for reporting what he did to me.” It refers to an “investigation” by prison officials of her *214 claim of sexual assault. Another portion states “I have been severely retaliated on. This investigation isn’t even over yet....” These statement are not in tension with the check mark indicating that the grievance process was not completed. At most they indicate a grievance was filed and an investigation begun, but provide no indication it was completed.
Second, Ball relies upon materials outside of her Complaint as evidence that prison officials obstructed her attempts to file a grievance. A district court ruling on a motion to dismiss generally “relies on the complaint, attached exhibits, and matters of public record.” Sands v. McCormick, 502 F.3d 263, 268 (3d Cir.2007). Where, as here, the District Court based its decision solely on the complaint, our review is limited to examining the contents of the complaint. Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir.1992); see also Fagin v. Gilmartin, 432 F.3d 276, 286 (3d Cir.2005). Hence the additional materials relied upon by Ball are irrelevant to our review.
Finally, to the extent Ball relies upon our decision in Mitchell v. Horn, 318 F.3d 523 (3d Cir.2003), which held that a failure to exhaust would be excused when the forms necessary to file a grievance were not made available, id. at 529, we find that decision quite distinguishable. The district court dismissed Mitchell’s complaint sua sponte on the date it was filed, in part for failure to exhaust, without requiring service on the defendants. Id. at 526. Mitchell expressly stated in his complaint that he had sought to file a grievance but prison officials denied him the grievance form. Id. at 527. Moreover, the Commonwealth acknowledged “that the District Court incorrectly dismissed this claim because it did not consider Mitchell’s allegations that he was denied grievance forms.” Id. at 529. Here, unlike in Mitchell, the Defendants have pled lack of exhaustion. Even more importantly, Ball’s Complaint does not contain any allegations that she was obstructed from filing a grievance.
For the foregoing reasons, we will affirm the District Court.