NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-3499
_____

DEBORAH REARICK,
                                        Appellant
v.

GRAHAM SPANIER; SUSAN J. WIEDEMER; AL HORVATH;
JOSEPH DONCSECZ; JAMES MATTERN; RICHARD KILLIAN;
ROBERT MANEY; PENNSYLVANIA STATE UNIVERSITY;
JON NURNBERG; WENDEL COURTNEY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-11-cv-00624)
District Judge:  Honorable A. Richard Caputo

Submitted Under Third Circuit LAR 34.1(a)
June 11, 2013

BEFORE:  McKEE, *Chief Judge*, AMBRO and NYGAARD, *Circuit Judges*


(Filed: July 1, 2013)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

Deborah Rearick ("Rearick") is a public employee for Penn State University ("the University"). She appeals the District Court's decision to dismiss her complaint against the University. We will affirm.

I.

In 2008, Rearick sued the University, alleging that her failure to receive a job position was in retaliation for her having made prior complaints about sexual harassment by a supervisor. The District Court entered summary judgment in favor of the University, and we affirmed. On April 4, 2011, Rearick filed the instant lawsuit. In her first complaint, she alleged retaliation in violation of her rights under the First Amendment Petition Clause, arguing that she was denied three job promotions and issued a non-disciplinary letter because of her prior suit against the University. Rearick filed an Amended Complaint and added a second count, which alleged a violation of her Second Amendment rights. She argued that her supervisors had questioned her about her gun permit, and this "intimidated" her into giving up the permit.

In a Second Amended Complaint, Rearick added Title VII and PHRA claims, despite the District Court granting her leave to amend her complaint solely as to her First Amendment claim. The District Court dismissed her First Amendment claim because she failed to demonstrate that her case involved public concerns, and dismissed the Title VII/PHRA claims because she did not comply with federal and local rules of civil procedure in amending her complaint. However, she was granted leave to amend her Second Amendment claim only. After Rearick filed her Third Amended Complaint, the

2

District Court dismissed the entire case because Rearick failed to show any cognizable Second Amendment violation, retaliatory or otherwise.

II.

We exercise plenary review over a decision on a 12(b)(6) motion. *Sands v. McCormick*, 502 F.3d 263, 267 (3d Cir. 2007). "[W]e accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002). A plaintiff's bald assertions or legal conclusions will not suffice to survive a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

A public employee may bring a retaliation claim pursuant to 42 U.S.C. § 1983 if her public employer retaliated against her for exercising her constitutional rights. *Borough of Duryea v. Guarnieri*, 131 S.Ct. 2488, 2494 (2011). An employee bringing a retaliation claim is required to show that she petitioned on a matter of public concern. *Id.* at 2493. Although Rearick argues that her First Amendment retaliation claim raises public concerns, her claims consist merely of private, ordinary employment disputes between her and her supervisors. Under the *Guarnieri* test, Rearick was not participating as a member of the general public in the process of democracy through speech or petition. *Id.* at 2500. Further, her attempts to bring in recent incidents at the University, including the Jerry Sandusky issue, do not relate to her case in any way. Because Rearick has failed to show that her case involves public concerns, the District Court's decision to dismiss her First Amendment claims will be affirmed.

3

To bring a Second Amendment claim, a plaintiff must show that her right to keep and bear arms was infringed in some way. Rearick argues that she was denied her Second Amendment rights because her supervisors intimidated her into surrendering her gun permit. However, Rearick has waived this issue on appeal. Rule 28(a)(5) of the Federal Rules of Appellate Procedure requires an appellant "to set forth the issues raised on appeal and to present an argument in support of those issues in [her] opening brief." *Ghana v. Holland*, 226 F.3d 175, 180 (3d Cir. 2000). Although Rearick mentions her Second Amendment claim on appeal, she neither makes any argument in her brief to offer reasons why the District Court erred by dismissing this claim, nor points to any authority supporting her allegations. Thus, Rearick's Second Amendment claim has been waived.

Finally, Rearick argues on appeal that the District Court erred by not allowing her to bring her Title VII/PHRA claims. However, the District Court did not preclude Rearick from bringing these claims. Rather, the District Court simply required that Rearick follow proper local and federal rules in amending her complaint. When Rearick filed her original and First Amended Complaints, the E.E.O.C., and PHRC had not yet granted her the right to sue. It was not enough that she mentioned these claims in earlier complaints, in an attempt to put the University on notice of her claims. After being granted the right to sue, she was required by local and federal rules to obtain the District Court's approval to amend her complaint. While the federal rules require that leave be freely given to amend a complaint, this should not be construed as a way to evade proper rules of civil procedure.

4

III.

We agree with the District Court that Rearick failed to establish a claim under the First Amendment, and failed to follow local and federal rules of civil procedure in amending her complaint to add her Title VII/PHRA claims. Further, her Second Amendment claim has been waived on appeal. For these reasons, the District Court's decision to dismiss Rearick's complaint will be affirmed.