Rel: May 17, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

### SC-2023-0680
_____

**John Svensen**

**v.**

**Jeff Hester**


**Appeal from Lauderdale Circuit Court**
**(CV-20-900339)**

MITCHELL, Justice.

At the height of public concern over COVID-19, John Svensen wrote

a check to Jeff Hester's company, CJH, Inc., d/b/a Ginesis Products

("Ginesis"), in exchange for several thousand bottles of hand sanitizer. That check bounced. Ginesis sued Svensen and his company, Marketpointe, LLC, to recover the money that was allegedly owed. After protracted litigation, Hester pressed charges against Svensen for the bad check, leading to Svensen's arrest. Eventually, on the motion of the Lauderdale County District Attorney's Office, the Lauderdale Circuit Court dismissed the criminal complaint as barred by the statute of limitations, and Svensen, free from the specter of prosecution, sued Hester for malicious prosecution. The circuit court entered summary judgment for Hester. Svensen appealed. We affirm.

Facts and Procedural History

In early 2020, Marketpointe contracted to purchase hand sanitizer from Ginesis. In July 2020, as part of that transaction, Svensen, on behalf of Marketpointe, gave Hester, Ginesis's agent, a check for $23,400. That check bounced because Marketpointe's account had insufficient funds. For that bad check, and other allegedly unpaid invoices, Ginesis sued Svensen and Marketpointe in the Lauderdale Circuit Court.

Neither Svensen nor Marketpointe answered the complaint, and the circuit court entered a default judgment against them. Soon after,

Svensen, appearing pro se, filed a motion to vacate the default judgment for improper service, which the circuit court granted. The circuit court then set a bench trial for September 2021. The trial date came and went, but Svensen did not appear. As a result, the circuit court entered another default judgment against Svensen and Marketpointe. After Svensen provided an excuse, the circuit court vacated the default judgment and reset the matter for a bench trial.

In the meantime, Hester considered his options. On the advice of his attorney, he took the bounced check to the Lauderdale County Sheriff's Department. There, a lieutenant investigated the issue. After discussion with employees of the Lauderdale County District Attorney's Office, the investigating lieutenant advised Hester to sign an affidavit on a criminal complaint against Svensen. That affidavit stated, in full:

> "Before me, the undersigned Judge/Magistrate of the District Court of Lauderdale County, Alabama personally appeared JEFF HESTER who being by me, first duly sworn, does depose and say that he/she has probable cause for believing and does believe that JOHN SVENSEN who [sic] name is to the affiant otherwise unknown, than as stated, with intent to defraud, did make, utter, draw or deliver a check or draft upon a bank/credit union, to-wit: REGIONS BANK the amount of 23,400.00 service fee of 30.00 totaling 23,430.00 payable to JEFF HESTER that said Defendant at the time of such JOHN SVENSEN union [sic] with which to pay the same upon its

3

due presentation, in said county <u>within twelve months before making this affidavit</u>, against the peace and dignity of the State of Alabama."

(Emphasis added.)

In October 2021, after Hester had signed the affidavit, Svensen was arrested and charged with negotiating a worthless instrument. <u>See</u> § 13A-9-13.1, Ala. Code 1975. As a result, the circuit court stayed the civil proceedings against Svensen. Several months later, the State filed a motion to dismiss the criminal charge after realizing it was time-barred. <u>See</u> § 15-3-2, Ala. Code 1975.

The circuit court in the civil case then lifted the stay. At that point, Svensen, now represented by counsel, filed an amended answer and counterclaims, as well as a third-party complaint for malicious prosecution against Hester. In the third-party complaint, Svensen alleged that Hester had caused Svensen's arrest without probable cause and with malice because, he said, Hester knew the statute of limitations had run. He requested compensatory as well as punitive damages.

Hester filed a motion for summary judgment on the malicious-prosecution claim, which the circuit court granted. After denying Svensen's postjudgment motion to alter, amend, or vacate, the circuit

4

court, at Svensen's request, certified as final under Rule 54(b), Ala. R. Civ. P., the summary judgment on Svensen's malicious-prosecution claim. Svensen then appealed.

## Standard of Review

We review a summary judgment de novo. Nettles v. Pettway, 306 So. 3d 873, 875 (Ala. 2020). "[I]f the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to present substantial evidence" of a genuine issue of material fact. Lands v. Ward, 349 So. 3d 219, 222 (Ala. 2021). This Court has said that "substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So. 2d 870, 871 (Ala. 1989).

## Analysis

To prevail on a malicious-prosecution claim, a plaintiff must demonstrate "'1) that a prior judicial proceeding was instigated by the defendant 2) without probable cause and 3) with malice; 4) that that prior proceeding was terminated in the plaintiff's favor; and 5) that the plaintiff suffered damage[] as a result of that prior proceeding.'"

5

Dolgencorp, LLC v. Spence, 224 So. 3d 173, 183 (Ala. 2016) (quoting Whitlow v. Bruno's, Inc., 567 So. 2d 1235, 1237 (Ala. 1990)). This appeal turns on the probable-cause element. In particular, Svensen contends that Hester lacked probable cause to sign the affidavit that caused Svensen's arrest for negotiating a worthless instrument. We disagree.

Probable cause is a "'"reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged."'" Eidson v. Olin Corp., 527 So. 2d 1283, 1285 (Ala. 1988) (quoting Parisian Co. v. Williams, 203 Ala. 378, 383, 83 So. 122, 127 (1919)). In other words, a person acts with probable cause if he could have reasonably believed that the accused committed the charged crime. There is no genuine issue of material fact here; Hester had probable cause to believe that Svensen had committed the crime of negotiating a worthless negotiable instrument.

It is a crime in Alabama to knowingly write someone a bad check. The elements of negotiating a worthless negotiable instrument are simple: the accused must have (1) "negotiate[d] or deliver[ed]" (2) "a negotiable instrument for a thing of value" (3) "with the intent,

6

knowledge, or expectation that the instrument would not be honored by the drawee." § 13A-9-13.1(a). It is undisputed that Svensen's actions met the first two elements: Svensen delivered Hester a worthless check in exchange for hand sanitizer, and a check is a quintessential "negotiable instrument." See § 7-3-104(f), Ala. Code 1975. As to the third element, a reasonable person would suspect that Svensen knew the bank would not honor the check. After all, Svensen wrote a check for funds that did not exist and has made no attempt to rectify the situation, despite Ginesis's attempts to collect. Indeed, Svensen does not even argue on appeal that he lacked knowledge that the check would be dishonored. With all of these elements satisfied, it follows that Hester had probable cause to believe that Svensen had committed the offense.

Svensen nonetheless argues that Hester lacked probable cause because, he says, Hester knew that the one-year statute of limitations for misdemeanor offenses had expired. Svensen points out that the affidavit Hester signed stated that Svensen wrote the bad check "within twelve months before making this affidavit." Because Hester signed the affidavit in October 2021 and Svensen wrote the bad check in July 2020, Svensen says that Hester must have known that Svensen's prosecution

7

was time-barred. That knowledge, Svensen asserts, shows that Hester did not have a reasonable basis for believing that he had committed the charged crime.

The problem with Svensen's theory is that expiration of the limitations period has nothing to do with whether the defendant actually committed the offense charged. That is why the timeliness of an action does not bear on whether "'"a cautious man"'" would believe "'"that the person accused is guilty of the offense charged."'" Eidson, 527 So. 2d at 1285 (citation omitted).

For that reason, courts across the country have expressly rejected arguments like the one Svensen makes here. See, e.g., Sands v. McCormick, 502 F.3d 263, 269 (3d Cir. 2007) (explaining that whether a prosecution is time-barred is not "a relevant consideration" when charges are filed); Pickens v. Hollowell, 59 F.3d 1203, 1207 (11th Cir. 1995) (holding that probable cause exists whenever the elements of a crime are facially satisfied and that officers have no duty to "investigate and decide the potential viability of a defense, such as the statute of limitations," before charging or arresting someone). In short, the validity of a statute-of-limitations defense is "'appropriately evaluated by the district

8

attorney or by a court after a prosecution is begun.'" Sands, 502 F.3d at 269 (quoting Pickens, 59 F.3d at 1207-08). Accordingly, requiring crime victims to determine whether a prosecution is time-barred before signing a complaint "is too heavy a burden." Sands, 502 F.3d at 269. That logic applies with full force here.

Svensen argues that our opinion in Empiregas, Inc., of Elberta v. Feely, 524 So. 2d 626 (Ala. 1988), contradicts that rule. But he misreads Empiregas. In that case, the plaintiff brought a malicious-prosecution claim against a company that had sued him to recover an overdue balance after the limitations period had run.[1] An agent who acted on behalf of the malicious-prosecution defendant "acknowledged that he knew the claim was barred" before initiating a judicial proceeding. Id. at 628 (emphasis added). This Court held that, in those circumstances, evidence

---

[1]The prior judicial proceeding in Empiregas was civil in nature. Alabama courts do not distinguish between the wrongful initiation of criminal and civil actions when considering a malicious-prosecution claim. See 2 Angela K. Upchurch, Alabama Personal Injury & Torts § 12:25 (2023) (stating that "the institution or continuation of an original civil or criminal proceeding against the plaintiff" is an element of malicious prosecution (emphasis added)); Mitchell v. Folmar & Assocs., LLP, 854 So. 2d 1115 (Ala. 2003) (affirming a jury award in a malicious-prosecution case based on a civil fraud suit).

9

of the defendant's behavior was "proper for the jury's consideration." Id. Thus, instead of replacing the traditional probable-cause rule, Empiregas recognized a limited exception if the defendant had actual knowledge that the prior proceeding it instigated was meritless.

That exception is not applicable here. Unlike in Empiregas, the record in this case does not indicate that Hester knew Svensen's prosecution was time-barred. After an investigation into the check by a lieutenant in the Lauderdale County Sheriff's Department -- who knew all the relevant facts and determined that Marketplace's account had insufficient funds when Svensen wrote the bad check -- the lieutenant advised Hester to "sign the affidavit for a criminal complaint against Svensen." Although Hester's affidavit incorrectly stated that Svensen wrote the check within the prior 12 months, that is not substantial evidence that Hester knew about and intentionally flouted the statute of limitations. And Hester may have signed the affidavit -- which he did not write -- for an innocuous reason. For example, Hester may have misread the inartfully drafted affidavit or he may have thought that some form of tolling applied. Because Svensen has not provided any evidence that Hester had actual knowledge that the prosecution was time-barred,

10

the Empiregas exception is inapplicable. Hester thus had probable cause to initiate criminal proceedings against Svensen.

## Conclusion

Because there is no genuine dispute that Hester had probable cause to initiate criminal proceedings against Svensen, we affirm the circuit court's summary judgment in Hester's favor.

AFFIRMED.

Parker, C.J., concurs.

Shaw, Bryan, and Mendheim, JJ., concur in the result.