WEIS, Circuit Judge,
Dissenting.
“[I]n ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record.” Sands v. McCormick, 502 F.3d 263, 268 (3d Cir.2007). Here, plaintiff sent a number of letters to the Court and filed two additional complaints while this matter was pending, reiterating her problems with the prison staff and her inability to fully prosecute her claims. In my view, more consideration should have been given to these documents in deciding the motion to dismiss.
In these matters of record, plaintiff asserts that she was physically abused and sexually assaulted by various defendants; denied basic hygienic needs, medical treatment and medication; confined to a psychiatric observation cell; denied access to her mail and legal papers; and subjected to other forms of mistreatment. Particularly noteworthy are the allegations in these filings that she had “psychological disorders.” In a letter to the District Court dated April 29, 2008, she wrote, “I suffer from psychological pro[]blems & I don’t comprehend & understand.” Similarly, on June 17, 2008, she advised the Court: “I’m a[n] inmate w/ psychological pro[ jblems & don’t understand legal jargon & I’m always confused. I requested several times for an attorney & my letters, requests, & motions go unanswered.”
In a letter to the district judge dated June 15, 2008, plaintiff described her difficulties in more detail, stating that she had again been placed in the “strip cell just for *215 arguing w/ inmates.... Muncy keeps stripping me for reasons not being suicidal to prevent me now from doing my lawsuits. I need lawyers for my cases.... I have psychological pro[]blems & am on medications which make me confused & unable to understand things.” She sent a letter to the Clerk of the District Court that same day, reiterating that she did “not understand the standing practice orders you sent because” of her mental condition and the effects of her medications.
The plaintiffs complaint in a related case, filed on May 5, 2008 and assigned to the same judge who presided over this matter, alleged that certain “psych [doctors] refused to order correct meds, I wasn’t stable for a long time, had severe major breakdowns & still have problems.” [1] In another related case, filed on April 14, 2008 and also before the same district judge, she asked for an attorney, stating, “I have cognitive dysfunctions & I can not understand things.”[2]
Plaintiff also informed the Court that she was unable to properly or effectively litigate this matter because the prison staff had removed her paperwork and did not return it. In a letter filed September 12, 2008, she wrote,
“I never got any order you claim you sent 5/28/08 .... [T]hey lost all the motions & briefs and other legal paper work you all sent me.... [T]hey took all my property & legal work on these cases & other eases, [and] they claim they can’t find it. What am I suppose^] to do? Please do not dismiss my case.”
Many of these allegations have support in the record, in that plaintiff was treated by physicians and detained for some time in the prison’s psychiatric unit. Her assertions of mental disability, therefore, had some foundation. See, e.g., Funk v. Comm’r, 163 F.2d 796, 800-01 (3d Cir.1947) (whether a court may judicially notice other proceedings depends on the subject matter to be noticed and the circumstances of the instant case). At a minimum, the claims warranted some inquiry on the part of the District Court to determine whether plaintiff understood the grievance process and was capable of completing it without assistance. Cf. Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir.2003) (acknowledging that administrative remedies were not truly “available” where prisoner was unable to pursue them).
Defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), arguing that the plaintiff failed to exhaustive her administrative remedies. In granting the motion, the District Court observed that the plaintiffs brief in opposition to the medical defendants’ motion did not dispute the fact that she had failed to exhaust administrative remedies. The District Court also noted that plaintiff did not file a brief contesting the non-medical defendants’ motion and, therefore, treated that motion as uncontested. The opinion did not, however, discuss the plaintiffs allegations, raised throughout the course of this litigation and in two related matters, of her mental disability, her need for an attorney, or the loss of her court documents resulting from the defendants’ failure to preserve her records — all of which may explain her noncompliance with the prison grievance procedures.
I am very much aware of the heavy burden placed on the courts by pro se *216 inmate complaints, most of which are frivolous and unfairly delay consideration of arguably meritorious grievances. I also recognize that manipulation is often the correct diagnosis of a prisoner’s allegations of mental disability. However, it appears that this case is one that requires a more searching review. See Mitchell, 318 F.3d at 529 (“the District incorrectly dismissed this claim because it did not consider” the plaintiffs allegation that he was unable to exhaust administrative remedies).
It is understandable that Congress wished to stem the flow of frivolous prisoner claims by requiring initial recourse to administrative remedies. However, I do not believe that its intention was to bar judicial review when the inmate is incapable, because of mental disability, to understand and complete the prison grievance process. The plaintiffs claims arguably fall into this category and on the record here merit inquiry before dismissal.
I dissent from the grant of judgment in favor of defendants at this stage.

. Amended Complaint at 3, 1 Ball v. SCI-Muncy Med. Dep’t, No. 08-cv-700 (M.D.Pa. May 5, 2008).

. Complaint at 4, Ball v. SCI-Muncy, No. 08-cv-701 (M.D. Pa. April 4, 2008).