NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1177
_____

DAWN MARIE BALL,

Appellant

v.

SCI MUNCY; SGT. WINDER; LT. HUMMEL; LT. GRIDLEY;
NURSE DILLELA; LT. CRAVER; DR. FAMIGLIO;
SCI MUNCY MEDICAL DEPARTMENT; CO LAMBERT;
CO MOON; CO MR. CHARLES; CO RITCHIE; CO KAZAAR;
CO JANIS; NURSE GREEN; CO MR. JOHNSON; CAPT. SCHNLEITNER;
LT. NOONAN; SUPT. CHAMBERLAIN; DEPUTY SHEPLER; DEPUTY TORMA;
PA HIMMELSBACH; LT. BOYER; LT. CURHAM; LT. BLESSING,

Appellees.
_____

On Appeal from the United States District Court
for the
Middle District of Pennsylvania
(D.C. Civ. No. 08-00391)
District Judge: Yvette Kane

Argued May 19, 2010

Before: FUENTES, WEIS, and NYGAARD, Circuit Judges.

(Opinion Filed:    June 30, 2010 )

-1-

Adrian N. Roe
Amie A. Thompson[*]          **(ARGUED)**
Duquesne University School of Law
Bill of Rights – Civil Rights Litigation Clinic
600 Forbes Avenue
Pittsburgh, PA 15282
*Counsel for Appellant Dawn Marie Ball*

J. Bart DeLone
M. Abbegael Giunta
John G. Knorr, III          **(ARGUED)**
Pennsylvania Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
*Counsel for Appellees SCI Muncy, et al.*

Kathryn M. Kenyon          **(ARGUED)**
Pietragallo, Gordon, Alfano, Bosick & Raspanti, LLP
One Oxford Centre, 38th Floor
301 Grant Street
Pittsburgh, PA 15219
*Counsel for Appellees Dr. Famiglio and P.A. Himmelsbach*

---

OPINION OF THE COURT

---

FUENTES, Circuit Judge:

Plaintiff Dawn Marie Ball brings this civil rights action, pursuant to 42 U.S.C. § 1983, against the State Correctional Institution in Muncy, Pennsylvania and a group of individual defendants.  The District Court granted the Defendants' motions to dismiss,

---

[*] Ms. Thompson is an eligible law student permitted to enter an appearance pursuant to Local Appellate Rule 46.3.  The Court commends her advocacy and appreciates the participation of the Duquesne University School of Law in this matter *pro bon*o.

pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds of failure to exhaust administrative remedies. We agree with the District Court's decision and accordingly affirm the dismissal of Ball's claims.

I.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. Ball is an inmate at SCI Muncy. She filed a Complaint, on March 6, 2008, alleging violations of her civil rights by state prison officials. She named two groups of Defendants, two "Medical Defendants" (Dr. Famiglio and P.A. Himmelsbach) and a group of twenty-one "Non-Medical Defendants." Ball alleges – in seven hand-written pages – a range of misconduct, including, *inter alia*, sexual assault, denial of medical treatment, and other physical mistreatment, on the part of prison officials. Ball requests relief including transfer to a New Jersey state prison, ten million dollars in compensatory damages, the return of unspecified property, a videotape of the events alleged, and unspecified policy changes.

Ball's Complaint was filed using a standard form provided to her by prison officials. The form's first page contains a section entitled "Exhaustion of Administrative Remedies." It includes three questions, to which the prisoner must check "yes" or "no." The questions are: (1) "Is there a grievance procedure available at your institution?;" (2) "Have you filed a grievance concerning the facts relating to this complaint?;" and (3) "Is

-3-

the grievance process completed?" (App. 16.) Ball checked "yes" for the first two questions and "no" for the third question.

The Medical Defendants moved, on May 13, 2008, to dismiss Ball's Complaint for failure to state a claim and failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act. The Non-Medical Defendants filed their own motion to dismiss on June 2, 2008. The District Court entered a Memorandum and Order on December 10, 2008, dismissing Ball's Complaint on the basis of her failure to exhaust the grievance process. The District Court found that "[i]t is clear that Plaintiff's claims are not properly before this Court and must be dismissed." Thereafter, Ball filed this appeal.

## II.

The District Court had subject matter jurisdiction over Ball's Section 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002), we held that, in a Prison Litigation Reform Act suit, the "failure to exhaust is an affirmative defense to be pleaded by the defendant." *Id.* at 295. We have also held that "[i]n appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss." *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

## III.

Ball conceded, on the face of her Complaint, that she had not completed the grievance process at the prison and, therefore, had not exhausted her claim. However, she contends that other portions of the Complaint contradict this concession, or at least create ambiguity. Ball also claims that the District Court erred by failing to consider her assertions that prison officials obstructed her attempts to exhaust the grievance process.

There are two key problems with Ball's arguments. First, the material she cites in her Complaint, which she claims contradicts the check mark stating that she completed the grievance process, does not present a conflict or even any ambiguity. The Complaint states that Ball is "terrified after all the retaliation I been through for reporting what he did to me." It refers to an "investigation" by prison officials of her claim of sexual assault. Another portion states "I have been severely retaliated on. This investigation isn't even over yet . . . ." These statement are not in tension with the check mark indicating that the grievance process was not completed. At most they indicate a grievance was filed and an investigation begun, but provide no indication it was completed.

Second, Ball relies upon materials outside of her Complaint as evidence that prison officials obstructed her attempts to file a grievance. A district court ruling on a motion to dismiss generally "relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). Where, as here, the District Court based its decision solely on the complaint, our review is limited to examining the contents of the complaint. *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d

Cir. 1992); *see also Fagin v. Gilmartin*, 432 F.3d 276, 286 (3d Cir. 2005).  Hence the additional materials relied upon by Ball are irrelevant to our review.

Finally, to the extent Ball relies upon our decision in *Mitchell v. Horn*, 318 F.3d 523 (3d Cir. 2003), which held that a failure to exhaust would be excused when the forms necessary to file a grievance were not made available, *id.* at 529, we find that decision quite distinguishable.  The district court dismissed Mitchell's complaint *sua sponte* on the date it was filed, in part for failure to exhaust, without requiring service on the defendants.  *Id.* at 526.  Mitchell expressly stated in his complaint that he had sought to file a grievance but prison officials denied him the grievance form.  *Id.* at 527.  Moreover, the Commonwealth acknowledged "that the District Court incorrectly dismissed this claim because it did not consider Mitchell's allegations that he was denied grievance forms."  *Id.* at 529.  Here, unlike in *Mitchell*, the Defendants have pled lack of exhaustion.  Even more importantly, Ball's Complaint does not contain any allegations that she was obstructed from filing a grievance.

For the foregoing reasons, we will affirm the District Court.

WEIS, Circuit Judge, Dissenting.

"[I]n ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record." Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). Here, plaintiff sent a number of letters to the Court and filed two additional complaints while this matter was pending, reiterating her problems with the prison staff and her inability to fully prosecute her claims. In my view, more consideration should have been given to these documents in deciding the motion to dismiss.

In these matters of record, plaintiff asserts that she was physically abused and sexually assaulted by various defendants; denied basic hygienic needs, medical treatment and medication; confined to a psychiatric observation cell; denied access to her mail and legal papers; and subjected to other forms of mistreatment. Particularly noteworthy are the allegations in these filings that she had "psychological disorders." In a letter to the District Court dated April 29, 2008, she wrote, "I suffer from psychological pro[ ]blems & I don't comprehend & understand." Similarly, on June 17, 2008, she advised the Court: "I'm a[n] inmate w/ psychological pro[ ]blems & don't understand legal jargon & I'm always confused. I requested several times for an attorney & my letters, requests, & motions go unanswered."

1

In a letter to the district judge dated June 15, 2008, plaintiff described her difficulties in more detail, stating that she had again been placed in the "strip cell just for arguing w/ inmates. . . . Muncy keeps stripping me for reasons not being suicidal to prevent me now from doing my lawsuits. I need lawyers for my cases. . . . I have psychological pro[ ]blems & am on medications which make me confused & unable to understand things." She sent a letter to the Clerk of the District Court that same day, reiterating that she did "not understand the standing practice orders you sent because" of her mental condition and the effects of her medications.

The plaintiff's complaint in a related case, filed on May 5, 2008 and assigned to the same judge who presided over this matter, alleged that certain "psych [doctors] refused to order correct meds, I wasn't stable for a long time, had severe major breakdowns & still have problems."[1] In another related case, filed on April 14, 2008 and also before the same district judge, she asked for an attorney, stating, "I have cognitive dysfunctions & I can not understand things."[2]

Plaintiff also informed the Court that she was unable to properly or effectively litigate this matter because the prison staff had removed her paperwork and did not return it. In a letter filed September 12, 2008, she wrote,

---

[1] Amended Complaint at 3, Ball v. SCI-Muncy Med. Dep't, No. 08-cv-700 (M.D. Pa. May 5, 2008).

[2] Complaint at 4, Ball v. SCI-Muncy, No. 08-cv-701 (M.D. Pa. April 4, 2008).

2

"I never got any order you claim you sent 5/28/08

. . . . [T]hey lost all the motions & briefs and other legal

paper work you all sent me. . . . [T]hey took all my property &

legal work on these cases & other cases, [and] they claim they

can't find it.  What am I suppose[d] to do?  Please do not

dismiss my case."

Many of these allegations have support in the record, in that plaintiff was

treated by physicians and detained for some time in the prison's psychiatric unit.  Her

assertions of mental disability, therefore, had some foundation.  See, e.g., Funk v.

Comm'r, 163 F.2d 796, 800-01 (3d Cir. 1947) (whether a court may judicially notice

other proceedings depends on the subject matter to be noticed and the circumstances of

the instant case).  At a minimum, the claims warranted some inquiry on the part of the

District Court to determine whether plaintiff understood the grievance process and was

capable of completing it without assistance.  Cf. Mitchell v. Horn, 318 F.3d 523, 529 (3d

Cir. 2003) (acknowledging that administrative remedies were not truly "available" where

prisoner was unable to pursue them).

Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing

that the plaintiff failed to exhaustive her administrative remedies.  In granting the motion,

the District Court observed that the plaintiff's brief in opposition to the medical

defendants' motion did not dispute the fact that she had failed to exhaust administrative

remedies.  The District Court also noted that plaintiff did not file a brief contesting the

3

non-medical defendants' motion and, therefore, treated that motion as uncontested. The opinion did not, however, discuss the plaintiff's allegations, raised throughout the course of this litigation and in two related matters, of her mental disability, her need for an attorney, or the loss of her court documents resulting from the defendants' failure to preserve her records – all of which may explain her noncompliance with the prison grievance procedures.

I am very much aware of the heavy burden placed on the courts by pro se inmate complaints, most of which are frivolous and unfairly delay consideration of arguably meritorious grievances. I also recognize that manipulation is often the correct diagnosis of a prisoner's allegations of mental disability. However, it appears that this case is one that requires a more searching review. See Mitchell, 318 F.3d at 529 ("the District incorrectly dismissed this claim because it did not consider" the plaintiff's allegation that he was unable to exhaust administrative remedies).

It is understandable that Congress wished to stem the flow of frivolous prisoner claims by requiring initial recourse to administrative remedies. However, I do not believe that its intention was to bar judicial review when the inmate is incapable, because of mental disability, to understand and complete the prison grievance process. The plaintiff's claims arguably fall into this category and on the record here merit inquiry before dismissal.

I dissent from the grant of judgment in favor of defendants at this stage.

4