**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3037
_____

EDWARD W. DONNELLY,
Appellant

v.

TRL, INC.; COMPSERVICES, Administrator;
COMMONWEALTH OF PENNSYLVANIA, Third Party Insurer
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 10-cv-00665)
District Judge:  Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 22, 2010

Before:  BARRY, JORDAN and GARTH, Circuit Judges

(Opinion filed   November 30, 2010)
_____

OPINION
_____

PER CURIAM.

Edward W. Donnelly appeals from the District Court's final order dismissing this

civil rights action for failure to state a claim upon which relief can be granted.  For the

reasons that follow, we will affirm.

In March 2010, Donnelly commenced this suit by filing a pro se "Brief in Support of Complaint" with attached exhibits. As reflected in these submissions,[1] Donnelly filed a workers' compensation claim against his employer, TRL, Inc., based on an alleged work-related injury. A Workers' Compensation Judge ("WCJ") held a hearing on July 12, 2007, to consider whether to approve the parties' proposed "Compromise and Release Agreement" settling Donnelly's claim. Under the agreement, Donnelly was to receive a lump sum of $12,500 (less payment of his attorney fees), plus payment of reasonable and necessary medical expenses up to July 12, 2007. Donnelly tendered a resignation letter to TRL as part of the settlement. The WCJ rendered findings of fact and conclusions of law, and approved the settlement agreement, in a written decision dated July 20, 2007.[2]

On August 20, 2007, the administrator of TRL's workers' compensation benefits, Compservices, Inc., issued two checks (one made out to Donnelly, one to his counsel) in full payment of Donnelly's claim. According to Donnelly, Compservices issued the checks one day too late, failing to make payment, as required under Pennsylvania law, within thirty days of the WCJ's July 20 decision. Donnelly thus filed a petition seeking penalties based on a claim that TRL and Compservices had breached the settlement by

---

[1] "[I]n ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record." Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007).

[2] Among other things, the WCJ found that Donnelly "fully understands the legal significance and ramifications of the Compromise and Release Agreement." Donnelly contends that his counsel "fraudulently induced" his acceptance of the settlement because counsel had a conflict of interest due to a "relationship" with TRL. We note that Donnelly filed a separate suit asserting numerous claims against the lawyers who represented him in the worker's compensation case. This Court affirmed the dismissal of that suit for failure to state a claim. See Donnelly v. O'Malley & Langan, P.C., 370 Fed. Appx. 347 (3d Cir. 2010).

2

not issuing the checks on time. Donnelly contends that the thirtieth day for payment was August 19, 2007, which was a Sunday.

A WCJ conducted proceedings on the penalty petition and held a hearing on May 27, 2008. Donnelly claims that his due process rights were violated during the proceedings because the WCJ accepted an "ex parte communication" from TRL in the form of a letter outlining its response to the penalty petition. Donnelly concedes that he was served with this letter, but he claims that he did not receive a copy of the July 12 hearing transcript that was submitted to the WCJ as an attachment to the letter. Donnelly also contends that TRL "illegally" reproduced the hearing transcript. In addition, he complains, as he did in the lawsuit against his former counsel, that counsel improperly disclosed his letter of resignation to TRL prior to the July 12 settlement hearing.

On February 29, 2008, an involuntary Chapter 7 bankruptcy petition was filed against TRL. On March 31, 2008, a bankruptcy court judge entered an order converting the case to a proceeding under Chapter 11. On November 16, 2009, the bankruptcy court confirmed a reorganization plan. Thereafter, on January 29, 2010, the WCJ issued a written decision denying Donnelly's petition for penalties. The WCJ concluded that TRL's payment was not untimely because it was issued within thirty days of the WCJ's July 20 decision, and that there was no violation of the Workers' Compensation Act.

Donnelly commenced the present proceeding shortly thereafter, purporting, in part, to seek a "change in venue" on his petition for penalties. He also sought relief, presumably under 42 U.S.C. § 1983, for a violation of his right to a fair and impartial

3

hearing before the WCJ on the penalty petition.[3]  In addition to naming TRL and Compservices, Donnelly named the Commonwealth of Pennsylvania as a defendant, asserting that the Commonwealth became "third party insurer" of his workers' compensation claim when TRL entered into bankruptcy proceedings.

The three defendants separately moved to dismiss the Complaint for failure to state a claim upon which relief can be granted.  The District Court granted the motions.  First, it held that the claims against TRL must be dismissed in light of the bankruptcy proceeding.  The District Court noted that all of the actions challenged by Donnelly occurred prior to commencement of TRL's bankruptcy case, and Donnelly did not move to lift the automatic stay so as to proceed with litigation against TRL.  Consequently, his claims against TRL were void *ab initio* in light of the automatic stay.  Second, the District Court dismissed the claims against the Commonwealth on the basis of Eleventh Amendment immunity.  Third, the District Court concluded that the claims against Compservices fail because that defendant is not a state actor for purposes of § 1983.  The District Court also rejected any attempt to void the WCJ's rulings as barred under the Rooker-Feldman doctrine.  Donnelly timely filed this appeal.

---

[3] Donnelly explained the relief sought as follows:

> I am seeking to have the letter of resignation rescinded, liquidated damages from the settlement agreement, back wages I lost, damages for violating my Civil Rights (*ex parte* communications), damages from the illegal reproduction of the Transcript from my Worker's Compensation Hearing on July 12, 2007, liquidated damages, punitive damages, and the travel expenses to the three hearings I attended.  I request mediation to put an end to this matter.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Like the District Court, we accept well-pleaded factual allegations as true and inquire as to whether "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Our review of the record reveals no error in the District Court's analysis. The Commonwealth plainly is entitled to sovereign immunity in federal court under the Eleventh Amendment. See, e.g., Betts v. New Castle Youth Dev. Ctr., --- F.3d ---, 2010 U.S. App. LEXIS 19052, at *6-8 & *8 n.5 (3d Cir. Sept. 13, 2010). The claims against Compservice were properly dismissed because, "[t]o prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175-76 (3d Cir. 2010). Compservice, a private entity, acted as TRL's benefits administrator and issued the settlement checks to Donnelly. A review of Donnelly's Complaint reveals no allegation giving rise to a plausible inference that Compservice acted under color of state law or conspired with state actors to deny Donnelly his constitutional rights. See id.; see also Reichley v. Pa. Dep't of Agric., 427 F.3d 236, 245 (3d Cir. 2005).

The claims against TRL were properly dismissed because, as the District Court explained, actions taken in violation of an automatic bankruptcy stay, such as the filing of this suit, are void *ab initio*. See Constitution Bank v. Tubbs, 68 F.3d 685, 692 n.6 (3d Cir. 1995) ("Generally, judicial actions and proceedings against the debtor are void *ab initio* absent relief from the stay."). Donnelly's Complaint turns on allegations of pre-bankruptcy harm, and he did not move the bankruptcy court to lift the stay so that he could proceed against TRL. Consequently, his suit as to TRL was properly dismissed.

Donnelly contends on appeal that he commenced this action to "change venue" on his penalty petition because he believed that his due process rights were being violated in state court. The District Court properly rejected this attempt at venue shopping, which appears to have been an effort to seek review of the WCJ's judgment in federal court, rather than through the state appellate process. Under the Rooker-Feldman doctrine, a district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284 (2005); see Great Western Mining, 615 F.3d at 166. As mentioned, the WCJ held a hearing on Donnelly's petition for penalties and denied relief. Pennsylvania law affords a right to appeal that decision first to the Workers' Compensation Appeal Board, 77 P.S. § 853, then to the Commonwealth Court, 42 Pa. Cons. Stat. § 763(a), and ultimately to seek allowance of appeal in the Pennsylvania Supreme Court, 42 Pa. Cons. Stat. § 724(a). See Phila. Fed'n of Teachers,

6

Am. Fed'n of Teachers, Local 3 v. Ridge, 150 F.3d 319, 324 n.5 (3d Cir. 1998).[4] A federal district court is not an alternative forum for adjudication of Donnelly's penalty petition, nor can it act in an appellate capacity to review the WCJ's decision. The District Court, therefore, properly rejected Donnelly's effort to obtain federal court review.

We are satisfied that any amendment to Donnelly's Complaint would have been futile, and thus the District Court properly dismissed without leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Further, we have considered Donnelly's numerous remaining arguments on appeal, many of which do not pertain to the claims that he raised before the District Court. We find those arguments either waived or without merit, and in need of no separate discussion.

Based on the foregoing, we will affirm the District Court's judgment.[5]

---

[4] Donnelly appealed to the Workers' Compensation Appeal Board, but he turned to the federal district court for a "change of venue" shortly after his hearing before the Appeal Board, apparently because he was dissatisfied with the hearing.

[5] TRL's motion to file its brief out of time is granted. Donnelly's motion to file supplemental reply briefs is denied.