**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2576
_____

DALE SATTAR,
Appellant

v.

DET. CAMERON PARKER; OFC. SHAWN CLIFFORD;
OFC. CORWIN WASSON; OFC. BRENDAN O'CONNOR;
JOHN DOE OFFICERS 1–10

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-18-cv-05650)
District Judge: Hon. Gerald J. Pappert

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 17, 2020

Before: JORDAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges*.

(Opinion filed: January 21, 2020)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Dale Sattar appeals the District Court's dismissal of his various 42 U.S.C. § 1983 claims. We will affirm.

## Discussion[1]

### A. False Arrest, False Imprisonment, and Malicious Prosecution Claims

Sattar contends the District Court erred in dismissing his complaint for failure to adequately plead his false arrest, false imprisonment, and malicious prosecution claims. Specifically, the District Court determined Sattar failed to allege facts showing that the officers who arrested him lacked probable cause. *See Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017) (stating that lack of probable cause is an element of malicious prosecution claims); *Sands v. McCormick*, 502 F.3d 263, 270 (3d Cir. 2007) (affirming dismissal of false arrest and false imprisonment claims because arresting officer had probable cause). "Probable cause exists if there is a fair probability that the person committed the crime at issue." *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (internal quotation marks and citation omitted).

We see no error in the District Court's determination. Sattar alleges that he was holding his rifle when he talked to someone who was heading to visit Sattar's neighbor; that the neighbor's wife then "called the police and said that [Sattar] made threats against [the neighbor and the visitor]," App. 3 ¶ 22; that Sattar picked up his gun after the police

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order granting dismissal under Rule 12(b)(6) de novo. *SEC v. Gentile*, 939 F.3d 549, 552 n.1 (3d Cir. 2019).

2

arrived; and that the police officers "were pointing their guns at [Sattar] and yelling at him to drop his rifle," App. 3 ¶ 28. These allegations taken together would lead a reasonable officer to believe there was "a fair probability" Sattar was violating the law, so in the face of this probable cause showing, a lack of probable cause was not pleaded.

## B. Equal Protection Claim

Sattar's equal protection claim—based on a "class of one" theory—fares no better. That claim was dismissed by the District Court because Sattar failed to allege that "the defendant[s] treated him differently from others similarly situated," *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). While Sattar alleged that his neighbor had committed various crimes without being arrested and that therefore the two were similarly situated, he did not allege that the police had ever found Sattar's neighbor with a rifle outside his home after receiving a call that the neighbor threatened someone. Sattar and the neighbor were therefore not "alike in all relevant aspects," *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation marks and citation omitted), and the District Court thus properly dismissed this claim as well.

## C. Unlawful Seizure Claim

Finally, Sattar asks us to remand his claim of unlawful seizure to the District Court because the District Court's order and memorandum dismissed Sattar's complaint in its entirety but did not discuss his seizure claim. But defendants explicitly moved before the District Court to dismiss Sattar's entire complaint, including the seizure claim, and Sattar did not contest that dismissal in his responsive briefing. Thus, Sattar has waived this claim

3

and, in the absence of any "compelling reasons" to address it, *Srein v. Frankford Tr. Co.*, 323 F.3d 214, 224 n.8 (3d Cir. 2003) (citation omitted), we decline to do so.

## Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.