BLD-179                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1553
_____

ANDREW MCDONALD, on behalf of D.M.,
                                                          Appellant

v.

AMY JONES and GREG PHILLIPS, of the Erie County Office of Children & Youth
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 09-cv-00186)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6.
May 5, 2011

Before: SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 12, 2011 )
_____

OPINION
_____

PER CURIAM

     Andrew McDonald, proceeding pro se, appeals an order of the United States

District Court for the Western District of Pennsylvania granting the defendants' motion to

dismiss his civil rights complaint for lack of jurisdiction.  For the reasons that follow, we

will affirm the judgment of the District Court.

McDonald filed a complaint in District Court against Amy Jones, the solicitor for the Erie County Office of Children and Youth ("OCY"), and Greg Phillips, an OCY caseworker, seeking to enjoin state court adoption proceedings involving D.M., who McDonald claims is his son. The record reflects that OCY initiated dependency proceedings in the Erie County Court of Common Pleas regarding the children of S.H., who was then pregnant with D.M. [1] During the course of the dependency proceedings, it was ordered that D.M. would be detained and placed in foster care at birth.

McDonald moved to dismiss the dependency proceeding with regard to D.M., relying on an Acknowledgment of Paternity that he had executed to establish his paternity. In December 2007, the trial court denied the motion to dismiss, explaining that the Acknowledgment of Paternity could not establish paternity because S.H. was married to someone else. The trial court allowed McDonald to participate in the action based on his paternity claim and required that he take a blood test. According to McDonald, the blood test excluded him as the father. In February 2008, the trial court issued an order rescinding the Acknowledgment of Paternity form. McDonald then filed, without success, a motion for emergency relief in which he sought custody based on the Acknowledgment of Paternity. In May 2008, the trial court granted OCY's request that D.M. be placed for adoption, and, in December 2008, granted OCY's petition to

terminate S.H.'s parental rights.

McDonald alleges in his federal complaint that Jones and Phillips improperly opposed his paternity claim in state court by falsely stating that he had a criminal history. He avers that he established his paternity by filing the Acknowledgement of Paternity and that he objected to a blood test because he believed OCY had interfered with testing on D.M., resulting in a false report that D.M. had tested positive for drugs at birth. McDonald claims a denial of his constitutional right to be with his child. As noted above, McDonald asks the District Court to enjoin D.M.'s adoption.

Jones and Phillips moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). They asserted, among other things, that the District Court lacks jurisdiction over McDonald's complaint under the Rooker-Feldman[2] doctrine. The District Court agreed and granted the motion to dismiss. The District Court also denied McDonald's subsequent motion for reconsideration. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of the order dismissing McDonald's complaint is de novo. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010).

---

[1]Like the District Court, we take judicial notice of the state court proceedings, which are a matter of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007).
[2]Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

As recognized by the District Court, the <u>Rooker</u>-<u>Feldman</u> doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005). In <u>Great Western Mining</u>, we set forth four requirements that must be met for the <u>Rooker</u>-<u>Feldman</u> doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgment; (3) the state court judgment was rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgment. 615 F.3d at 166. When these requirements are met, the district court lacks subject matter jurisdiction over the complaint. <u>See</u> <u>id.</u>

We agree with the District Court that these requirements are met in this case. McDonald's paternity claim and motions for relief were rejected in state court in 2007 and 2008, before McDonald brought his federal lawsuit in July 2009.[3] In addition, McDonald complains of injuries caused by the state-court judgment. As explained by the District Court, the source of McDonald's injury is the state court ruling rejecting his paternity claim. <u>See</u> <u>Great Western Mining</u>, 615 F.3d at 166-67 (noting example of an injury "caused by the state-court judgment" where a state court terminates a father's parental rights and the father then sues in federal court for the return of his son based on a

4

violation of his federal substantive due-process rights). Finally, McDonald's complaint invites the District Court to review and reject the state court judgment. He asks the District Court to enjoin D.M.'s adoption proceedings based on his Acknowledgment of Paternity form, which was rejected by the state court. Thus, we find no error in the District Court's dismissal of McDonald's complaint for lack of subject matter jurisdiction. The District Court also did not abuse its discretion in denying McDonald's motion for reconsideration.

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.

---

[3]The Pennsylvania Superior Court affirmed the termination of S.H.'s parental rights in May 2010. McDonald did not participate in the appeal and it does not appear that he appealed any of the trial court's orders addressing his paternity claim.