**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2020
_____

KEITH ALLEN EBERT,

Appellant

v.

PRIME CARE MEDICAL INC;
NATHAN KALTESKI, Dentist;
NICOLE HEFFNER; DALE A. MEISEL,
(Warden), Individually and In Their Official Capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-13-cv-00212)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2015

Before: CHAGARES, JORDAN and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 5, 2015)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Keith Allen Ebert appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which dismissed his civil rights complaint for failure to state a claim upon which relief could be granted. Ebert's complaint accused the defendants—PrimeCare Medical, Inc. ("PMC"), its Health Services Administrator (Nicole Heffner), dentist Nathan Kalteski, and Warden Dale Meisel of Lehigh County Prison ("LCP")--of violating his Eighth Amendment right to be free from cruel and unusual punishment. Ebert alleged that while he was incarcerated at LCP, his upper dental plate broke. Dr. Kalteski allegedly told Ebert that he "does not do plates," and that he could only do tooth extractions. Ebert alleged that the dentist was available only one day a week to serve "up to 1200 inmates." Ebert alleged that the failure to fix his plate caused him chronic and substantial pain, bleeding gums, severe headaches, constipation, loss of appetite, mental and emotional stress, anxiety, and inability to sleep. Ebert sought compensatory and punitive damages.

On motion of the Defendants, the District Court dismissed the complaint with prejudice for failure to state a claim upon which relief could be granted. The Court stated that even construing the allegations of Ebert's complaint in a light most favorable to him, he had "completely failed" to plead facts showing that defendants Kalteski, Heffner, and PMC "knew of and disregarded an 'excessive risk to inmate health or safety.'" Dist. Ct. Op. at 5 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). As to Meisel, the Court held that Ebert could not show: "(1) that providing an alternative treatment to a new

2

dental plate constituted a 'policy' and that Meisel knew said 'policy' would create an unreasonable risk; (2) that Defendant Meisel was aware of any unreasonable risks allegedly created by the so-called 'policy'; (3) that Defendant Meisel was indifferent to the alleged risk; and (4) that [Ebert] sustained injuries as a result of the purported 'policy.'" Dist. Ct. Op. at 9. The Court stated that "[b]ecause any attempt at amendment would be futile," the complaint would be dismissed with prejudice. Ebert appealed.[1]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review of the District Court's dismissal. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In conducting our review, we are required to accept all well-pleaded factual allegations as true and draw all reasonable inferences in Ebert's favor. Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). In determining whether a complaint should be dismissed, we rely on "the complaint, attached exhibits, and matters of public record," Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007), which "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). Blanket assertions and conclusory statements are not well-pleaded factual

---

[1] Ebert also filed a timely motion for reconsideration, which was denied. As he did not file a new or amended notice of appeal, as is required by Fed. R. App. P. 4(a)(4)(B)(ii), we will not address the denial of reconsideration. See United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

3

allegations, and by themselves do not suffice to show a claim to relief that rises above the speculative level. See Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011).

Ebert's complaint claimed that the Defendants violated his Eighth Amendment rights by failing to properly treat his dental problems. To be successful, he would need to show that the Defendants were deliberately indifferent to a serious medical need; under this standard, allegations of mere negligence or malpractice are insufficient. See Farmer, 511 U.S. at 835; Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). Liberally construing Ebert's complaint, he attempted to allege deliberate indifference primarily in two ways. First, he claimed that Defendants refused to properly treat his dental problems for the non-medical reasons of lack of staff and the need to control budget expenditures. See, e.g., Complaint, dkt. #3 at 8, Opposition to Motion to Dismiss, dkt. #20 at 3-4. Second, he alleged that the medical path taken amounted to a constitutionally prohibited "easier, but less effective method of medical care." See, e.g., Complaint, dkt. #3 at 7.

With regard to the first ground, Ebert has failed to bridge the gap between the possible and the plausible. Although Ebert's claim that care was denied for the non-medical reason of expense constitutes a possible demonstration of deliberate indifference, see Rouse, 182 F.3d at 197, his claim is not supported by pleaded facts. Ebert alleged that "either [PMC] or [LCP] has [a] custom [or] policy to save money," and that he was deprived treatment due to "budgetary restrictions." Ebert included affidavits from other inmates stating that Dr. Kalteski was the only dentist for LCP, and that he only came

4

once a week. But the complaint's references to cost-saving practices are conclusory and are not supported by factual allegations. For example, Ebert has not alleged what treatment he received, or that his desired treatment was denied because it was more economical than the treatment rendered. With regard to the second ground, Ebert has not alleged that the treatment he received was "less efficacious" on the level that we found unacceptable in West v. Keve, 571 F.2d 158, 162 (3d Cir. 1978), a case in which aspirin as the sole source of post-operative pain management sufficed to state a claim of deliberate indifference. In sum, we agree with the District Court that Ebert's complaint, as it stands, contains only a disagreement over care received and allegations of potential professional malpractice, neither of which suffices to state a claim under the Eighth Amendment. Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

However, we disagree with the District Court's statement that "any attempt at amendment would be futile." As the District Court recognized, failure to provide medical care for a non-medical reason can be evidence of deliberate indifference. Appellees' brief asserts that "[t]he Complaint and attachments thereto actually demonstrate Ebert was examined by Dr. Kalteski on multiple occasions and that it was determined that Ebert's apparent request for a new dental plate was not medically necessary." App. Br. at 3. But we see nothing in the complaint or attachments that addresses whether the dentist found that a new dental plate was or was not medically necessary. Instead, according to the complaint, Kalteski stated that he did "not do

5

plates," and the attachments show only that Ebert was scheduled to be seen by medical professionals on several occasions. The fact that Ebert was seen by medical professionals does not necessarily preclude a finding of deliberate indifference. See Rouse, 182 F.3d at 197 ("We [] have found 'deliberate indifference' to exist where the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'"). Ebert's complaint comes very close to pleading the element of deliberate indifference. We thus hold that the District Court abused its discretion when it failed to allow Ebert a chance to amend his complaint to cure its deficiencies. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).

For the foregoing reasons, we will vacate the District Court's judgment and remand so that the District Court can allow Ebert an opportunity to amend his complaint. We express no opinion as to the ultimate merit of any such amended complaint.