BLD-186                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1387
_____

JAMES JONES,
                              Appellant

v.

DR. HARRY, COMMISSIONER, SECRETARY, PA DOC;
J. TERRA, SUPERINTENDENT; KERI MOORE, CHIEF GRIEVANCE OFFICER;
C.E.R.T., CORRECTIONAL OFFICERS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-05692)
District Judge:  Honorable Mia R. Perez
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 24, 2025

Before:  SHWARTZ, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 7, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Inmate James Jones appeals pro se the District Court's order dismissing his complaint. We will summarily affirm.

I.

On the morning of August 14, 2024, at the State Correctional Institution in Phoenix, Pennsylvania, Correctional Emergency Response Team ("CERT") officers visited Jones in his housing cell, subjected him to a strip search, and ordered him to carry his mattress to the lower level for screening. While he transported his mattress, the officers searched his living quarters. Shortly after returning to his cell, Jones discovered that the CERT officers had removed two cases of his legal documents and discarded them in the housing unit's trash bin, which he could see from his cell door. Jones called out to officers on the unit floor and asked them to retrieve his legal materials from the garbage, but they refused. Jones requested assistance from his Unit Manager, numerous corrections officers, and members of the cleaning crew—all refused to retrieve his documents from the bin.

Jones initiated this action against Department of Corrections' Commissioner Dr. Harry, Superintendent Terra, CERT officers, Chief Grievance Officer Kerri Moore, and anyone else that may have been involved, referring to them as "Defendants et al." Jones sued the defendants in their official and individual capacities, alleged violations of his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights, and brought a claim of negligence against Terra.

The District Court screened Jones' complaint pursuant to 28 U.S.C. § 1915(e)(2), dismissed it with prejudice in part and without prejudice in part, and granted Jones leave

to amend his complaint within thirty days.  In its subsequent order denying Jones' motion for reconsideration, the District Court reiterated that he could file an amended complaint within thirty days or proceed with his original filing, but that if Jones opted to stand on his original complaint, it would "issue a final order dismissing the case."  Jones filed a notice of intent to stand on his original complaint.  The District Court therefore dismissed all of Jones' federal claims with prejudice and dismissed his state law claim without prejudice, for lack of subject matter jurisdiction.  Jones appealed.[1]

## II.

We agree with the District Court's analysis.  As an initial matter, the District Court properly concluded that the Eleventh Amendment barred Jones' official capacity claims against all defendants, who are all state officials, for monetary damages.  See Downey v. Pa. Dep't of Corr., 968 F.3d 299, 309–10 (3d Cir. 2020).  The District Court's dismissal of Jones' individual capacity claims against Moore was also proper, as a prisoner does not have a free-standing right to an effective grievance process, and an officer's

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order dismissing Jones' complaint under 28 U.S.C. § 1915(e)(2)(B).  See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).  Dismissals for failure to state a claim under § 1915(e)(2)(B) are governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  This standard requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted).  Summary action is appropriate if there is no substantial question presented in the appeal.  See 3d Cir. L.A.R. 27.4.

mishandling of grievances does not itself violate a constitutional right. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

As for Jones' individual capacity claims against Harry and Terra, we agree that Jones failed to plead their liability as supervisors. To do so, Jones had to "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662 (2009) Id. at 676. Jones vaguely claimed that Harry "unleashed the CERT on all prisoners," but he failed to identify an unconstitutional policy or articulate any direct actions she or Terra took related to the incident on August 14, 2024.[2] And, while the District Court provided him the opportunity to amend these claims, he declined to do so.

The District Court also properly dismissed Jones' Fourth Amendment claims. Regarding the CERT officers' search of his cell, "prisoners do not have a Fourth Amendment right to privacy in their cells." Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001). Thus, it was appropriate for the District Court to dismiss this claim without granting him leave to amend, as amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

As for Jones' strip search claim, an inmate's Fourth Amendment rights in this regard are "very narrow." Parkell v. Danberg, 833 F.3d 313, 325–26 (3d Cir. 2016). The District Court properly concluded that Jones' original complaint failed to establish the

---

[2] In his filing on appeal, Jones referenced a pattern of alleged abuses that included denial of medical services and assaults on inmates by staff, but he failed to demonstrate that these alleged practices had any connection to the claims in his complaint.

4

search was conducted for an illegitimate purpose. Again, the District Court granted him the opportunity to elaborate via amendment, but Jones elected to stand on his original complaint. There was no error in converting the dismissal to with prejudice. Cf. In re Westinghouse Sec. Litig., 90 F.3d 696, 703–04 (3d Cir. 1996).

We also agree with the District Court's dismissal of Jones' claims related to the destruction of his legal documents. Although Jones couched this claim as a Sixth Amendment violation, the District Court properly treated it as an "access-to-courts" claim under the First and Fourteenth Amendment. See United States v. Ward, 448 U.S. 242, 248 (1980) (noting that the Sixth Amendment is limited to criminal proceedings). An inmate raising an access-to-courts claim must allege that he lost a chance to pursue a nonfrivolous or arguable claim challenging his conviction or conditions or confinement. See Monroe v. Beard, 536 F.3d 198, 205–06 (3d Cir. 2008) (per curiam). Jones did not plead a claim under those standards. Jones claimed that CERT officers disposed of legal documents he needed for a pending Post Conviction Relief Act ("PCRA") petition or appeal and for the District Attorney's Conviction Integrity Unit ("CIU").[3] But the District Court reviewed the public docket and found no pending PCRA proceeding.[4] The Court provided Jones the opportunity to amend his pleading and

---

[3] In both his motion for reconsideration and his filing on appeal, Jones clarified that he had withdrawn his PCRA petition because he planned on pursuing an application with the CIU. However, he failed to show he lost an arguable claim. See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

[4] A district court may take judicial notice of matters of public record, including judicial proceedings. See Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007).

specify whether he had an active PCRA petition, but he opted to stand on his original complaint. Therefore, the District Court's dismissal was proper.

We also agree that Jones failed to establish an Eighth Amendment violation because the deprivation of his legal materials does not constitute cruel and unusual punishment. See Wilson v. Seiter, 501 U.S. 294, 298 (1991) (explaining that only deprivation of life's "necessities" is sufficient to establish an Eighth Amendment violation).

Finally, given Jones' failure to state a claim under federal law, we find that the District Court acted within its discretion in declining to exercise jurisdiction over his supplemental state-law claim. See Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017) ("A court may [decline to exercise supplemental jurisdiction] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction.").

Accordingly, we will summarily affirm the District Court's judgment.