**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2335

_____

JASON R. TODD,
                              Appellant

v.

DERRY TOWNSHIP, in its official capacity; SELECTIVE INSURANCE CO OF THE
SOUTHEAST, in its corporate capacity; NATALIE NUTT, in her official and individual
capacities;CARTER WYCKOFF, in her official and individual capacities; MICHAEL
CORADO,in his official and individual capacities; DOMINIC GIOVANNIELLO, in his
officialand individual capacities; RICHARD ZMUDA, in his official and individual ca-
pacities;ZACHARY JACKSON, in his official and individual capacities; GARTH
WARNER, in his official and individual capacities; DENNIS SHEARER, in his official
and individual capacities; PATRICK K. ARMSTRONG, in his official and individual
capacities; JOHN J. MARCHIONI, in his official and individual capacities;
MICHAEL H. LANZA, in his official and individual capacities; DAVID SWARTZ,
in his official and individual capacities

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:25-cv-00435)
District Judge: Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 4, 2026

Before: BIBAS, CHUNG, and BOVE, Circuit Judges

(Opinion filed: February 26, 2026)

_____

_____

OPINION[*]

_____

PER CURIAM

I.

In March 2025, pro se appellant Jason Todd filed a complaint against Derry Township; its insurer, Selective Insurance Company of the Southeast ("Selective Southeast"); and individual employees of both entities. The claims arose from Todd's dissatisfaction with the handling of a September 2024 incident in which he was assaulted by a third party. Todd alleged that the Township suppressed evidence relating to the assault, and that certain individual defendants from both the Township and its insurer engaged in retaliatory and harassing behavior toward him. He maintained that he suffered a psychological crisis as a result of the defendants' actions.

Based on these allegations, Todd asserted violations of his First and Fourteenth Amendment rights; the Racketeer Influenced and Corrupt Organizations (RICO) Act; and the Americans with Disabilities Act (ADA). He also asserted a state-law claim for intentional infliction of emotional distress. Todd sought $200 billion dollars in damages.

The District Court determined that Todd's operative amended complaint failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Todd's various motions were also denied. Todd appealed.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]  We exercise plenary review over the District Court's order dismissing the complaint.  *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.

On appeal, Todd first argues that the Magistrate Judge improperly denied his motions for default judgment pursuant to Fed. Rule Civ. P. 55(b).  As the Magistrate Judge explained, however, his motions were premature because he filed them before she completed her screening under § 1915(e)(2)(B) and thus before the defendants' responses came due.  Therefore, default judgment was not warranted.  *See* Fed. R. Civ. P. 55(a) & (b).

Second, Todd argues that the District Court improperly "suppressed" and refused to consider "sealed trauma" evidence docketed at ECF No. 283.  Am. Br. 9 & Mem. 2–3, ECF No. 17.  To the extent that Todd is arguing that the District Court did not consider his medical records when it determined that he failed to state a plausible claim, the

---

[1] To the extent that Magistrate Judge Schwab's May 16, 2025 order was a final order reviewable under 28 U.S.C. § 1291, Todd's notice of appeal was timely as to that order via the separate judgment rule, Rule 58(a) of the Federal Rules of Civil Procedure.

District Court was not permitted to consider any documents that were not attached to the complaint.[2] *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Todd next argues that the Magistrate Judge improperly "struck pleadings without basis" and deemed dozens of motions "'withdrawn' without review." Am. Br. 9. We see no error in the Magistrate Judge's rulings. The "pleadings" and motions to which Todd refers are documents the Magistrate Judges declined to consider because he did not file them properly. *See* ECF No. 344 (advising Todd that it would not consider his improperly filed emails); ECF Nos. 275 & 423 (deeming motions without supporting briefs withdrawn under M.D. Pa. Local Rule 7.5). To the extent that Todd contends that these ruling amounted to judicial misconduct warranting recusal under 28 U.S.C. § 455, recusal is only warranted when a judge's impartiality might reasonably be questioned; a party's displeasure with legal rulings is not a basis for recusal. *See Securacomm Consulting, Inc. v. Securacomm Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

Todd also challenges the District Court's dismissal of his RICO claim, arguing that he properly stated a claim by alleging that the defendants engaged in a pattern of "silence, concealment, [and] retaliation" and committed "wire fraud, obstruction, [and] evidence tampering." Am. Br. 9. As previously explained, however, Todd did not allege

---

[2] Moreover, document No. 283 is titled "Supplemental Brief in Support of Plaintiff's RICO Claim," and there is no indication that the Magistrate Judges or District Judge never considered it. Contrary to Todd's contention, he did not request, nor was he entitled to, any "accommodation and protection" for this filing. Am. Br. 9.

any facts showing that his business or property had been harmed.[3]  *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

IV.

Accordingly, we will affirm the District Court's order dismissing the amended complaint.  The Selective Appellees' motion to amend the caption is granted.  The Clerk's Office is directed to correct the caption as requested.  All remaining motions are denied.

---

[3] Todd has forfeited any other challenges to the District Court's judgment.  *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue that an appellant fails to develop in an opening brief is forfeited).  In any event, we have carefully reviewed the Magistrate Judges' and District Court's opinions and conclude that the complaint was properly dismissed under § 1915(e)(2)(B)(ii).